### PEOPLE v. ZERILLO et al.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. CRIMINAL LAW (§ 177*)—FORMER JEOPARDY—SUSTAINING DEMURRER—UNCONDITIONAL ORDER.

Code Cr. Proc. § 326, provides that the court, on demurrer to an indictment, may give judgment on the demurrer, either allowing or disallowing it, and that an order to that effect must be entered on the minutes. Section 327 provides that, if the demurrer is allowed, the judgment is final on the indictment, demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury. Section 328 declares that, if the court do not direct the case to be resubmitted, the defendant, if in custody, must be discharged, or, if admitted to bail, his bail is exonerated. *Held* that, where a demurrer is sustained to an indictment, an order for resubmission must be made, if at all, by the judge sustaining the demurrer, in the absence of which the prisoner can no longer be tried for the crime charged, immediately on the demurrer being unqualifiedly sustained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 313–319; Dec. Dig. § 177.*]

2. INDICTMENT AND INFORMATION (§ 15*)—DEMURRER—RESUBMISSION.

Where a demurrer is sustained to an indictment, and the offense is ordered resubmitted, a new indictment must be found before the next grand jury thereafter is discharged, or accused must be released.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Court of General Sessions, New York County.

Frank Zerillo and others were convicted of having made false statements of the result of a canvass of ballots at a primary election, as Republican primary election inspectors, and they appeal. Reversed.

See, also, 129 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Florence J. Sullivan, for appellants.

Lowen E. Ginn, Sp. Deputy Atty. Gen., for the People.

DOWLING, J. Defendants have been convicted of a misdemeanor in that, while acting as inspectors of a primary election, they made a false statement of the result of the canvass of the ballots cast thereat. Penal Code, § 41, subd. 12, now Penal Law (Consol. Laws 1909, c. 40) § 751, subd. 12. They appeal from the judgment of conviction and seek to review thereupon, among other things, the judgment rendered on the verdict for the people on the trial of a plea of former acquittal, the denial of a motion to dismiss the indictment on the same ground, and an order made August 23, 1909, directing the resubmission of the charges herein to another grand jury.

The principal question now to be determined is the validity of the order last referred to. On April 10, 1908, the defendants were first indicted for the commission of the offense in question. The indictment contained two counts, both charging the commission of the crime of making a false statement of the result of the canvass of the ballots cast at an election while defendants were inspectors of election, and both based on the same state of facts, to wit: That defendants, being inspectors of election at a primary election of the Republican party held in the city of New York, on September 24, 1907, for the Fifth and Sixth election districts of the First assembly district, had falsely and fraudulently made a statement of the canvass of the ballot, whereby they gave, in the Fifth district, George Husch, a candidate for member of the executive committee of said party, 15 votes, instead of 60, which he had actually received, and Rocco Dalessandro, his opponent, 61 votes, instead of 17, actually received, and in the Sixth district 9, instead of 39, to Husch, and 46, instead of 11, to Dalessandro. To this indictment a demurrer having been interposed, upon the ground, among others, that the indictment charged more than one crime, and that it failed to comply with the provisions of sections 275 and 276, Code of Criminal Procedure, Judge Crain, after hearing argument, sustained the demurrer on the ground that the crime with which the defendants were charged in the indictment was a felony, being for a violation of section 41m of the Penal Code, inasmuch as they were specifically accused of "the crime of making a false statement of the result of the canvass of the ballots cast at an election," whereof defendants were inspectors, which clearly brought the crime within the section referred to, while in fact the acts with which the defendants were charged, having occurred at a primary election, constituted a misdemeanor only, being a violation of section 41, subd. 12, of the Penal Code. He therefore held that as defendants had been

accused of the commission of a felony, occurring at a general election, while the facts averred did not support that charge, and as the facts averred did show the commission of a misdemeanor, occurring at a primary election, but defendants had not been accused of the latter crime, the indictment was fatally defective, and the demurrer must be sustained.

This opinion was handed down June 11, 1908, and in it Judge Crain made no reference to any resubmission of the charges to the grand jury, nor did he then direct it to be submitted. On December 14, 1908, the Attorney General moved before Judge Crain, in Part 5 of the Court of General Sessions, for an order directing that the charge against the defendants be resubmitted to the grand jury. This motion, having been referred to Part 1 of the same court, was there heard by Judge Rosalsky, who granted the application against defendants' opposition, and finally made the order dated August 23, 1909, directing the submission to the grand jury of the county of New York of the violation of section 41, subd. 12, of the Penal Code, alleged to have been committed by defendants, and acting under that order the indictment was found upon which defendants have been convicted.

At the outset it may be said that there can be no question but that the acts constituting the offense with which defendants are now charged are the same as those set forth in the first indictment. The things they are accused with doing are precisely the same—making a false statement of a canvass of the votes at a certain primary election. The new indictment adds no new fact, and omits no fact formerly set forth. Furthermore, the Attorney General himself contended at the time of the argument of the demurrer that the former indictment was intended to plead two separate crimes—one on its first count, under section 41m of the Penal Code, and the other, under its second count, under section 41, subd. 12, thereof. The affidavits of the district attorney on the motion to resubmit set forth that it was desired so to do on the second or misdemeanor charge. It is plain that the offense set forth already in the second indictment is identical with an offense set forth in the first indictment.

[1] The sections of the Code of Criminal Procedure regulating the proceedings upon the allowance of a demurrer are as follows:

"Sec. 326. The court must give judgment upon the demurrer either allowing or disallowing it; and an order to that effect must be entered upon the minutes.

"Sec. 327. If the demurrer be allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury.

"Sec. 328. If the court do not direct the case to be resubmitted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

We are of the opinion that the plain intent and meaning of section 327 call for action in directing resubmission by the same judge who sustains the demurrer; the court which is to decide the advisability of

a new submission being the court which has deemed the demurrer good, and thereby calling for the judicial discretion as to submission to be exercised by the same judge who has passed upon the legal infirmity of the indictment. We further believe that the direction for resubmission should be made at the time of the determination of the issues raised by the demurrer, for by that method of procedure alone can the provisions of the section in question be harmonized among themselves and with the provisions of section 329 (making sections 318 and 319 applicable to proceedings upon the ordering of a resubmission), and with those of section 330 upon the disallowance of a demurrer. What the Code contemplates is that, when a judge passes upon a demurrer to an indictment, he may, after hearing, do one of three things: (1) Disallow the demurrer; (2) allow the demurrer; (3) allow the demurrer, but direct a resubmission. The procedure in each of these eventualities is regulated. The discretion which is to be exercised in directing a resubmission is the contemporaneous act of the judge who, having heard the arguments of the parties, has decided the validity or invalidity of the indictment, and should best know whether the objection which he has deemed well taken could or should be remedied upon a new submission. To permit such discretion to be exercised by another judge more than 14 months afterwards is in effect a review of the first judgment, and such a motion might be renewed indefinitely, until some judge was found who, perhaps deeming the conclusions originally reached incorrect, would feel obligated to grant it.

[2] It is opposed to the plain intent of the sections as well. Where there is a failure to direct a resubmission, the prisoner must be immediately discharged if in custody, or if on bail the same is exonerated, or if he has deposited money in lieu of bail it must be refunded to him, and there can be no further prosecution for the same offense; that is, the moment his demurrer is unqualifiedly sustained, a prisoner becomes a free man, and is no longer within the purview of the criminal law, as to the particular crime charged. Yet, if the theory of the prosecution were correct, this condition, after more than a year, could be changed by the independent action of another judge, who did not hear the argument of the demurrer, and from a free man the defendant would again become a prisoner. Such a theory is inconsistent with every provision of chapter 6, tit. 5, of the Criminal Code, which manifests a purpose to have a speedy termination of the preliminary objections to an indictment. So much is this so that, upon a resubmission, a new indictment must be found before the next grand jury thereafter is discharged, or the defendant must be freed.

It seems clear, therefore, that what the Code of Criminal Procedure contemplates is that, unless the judge allowing the demurrer at the same time directs a resubmission to another grand jury, the defendant is freed, and no further action of another judge can reinstate his liability to punishment for the same offense. That the proper procedure is as indicated was recognized in People v. Krivitzky, 60 App. Div. 307, 70 N. Y. Supp. 173, affirmed 168 N. Y. 182, 61 N. E. 175. Section 327 was concededly enacted so as to change the prior state of the law,

under which successive resubmissions and reindictments could take place by action upon the part of the prosecuting attorney, without any necessity of the intervention of the court; the only result being that a subsequent indictment superseded a former one.

The first reported case in which the question of its application arose was People v. Clements, 5 N. Y. Cr. R. 288, and there it was clearly held that the court passing on the demurrer must direct the resubmission. In that case, at the May, 1886, term, an indictment was found, a demurrer to which having been sustained by the court at the same term, it at the same time directed that the facts be resubmitted to the grand jury. It was so resubmitted to the May grand jury, which found an indictment. But the district attorney again presented the matter to the October grand jury, which found a second indictment, and thereafter a third indictment was found in January, 1887. All these indictments were for the same offense. In its discussion of the question raised the court recognized the rule that it was the court passing on the demurrer, and that court alone (that is, the judge so acting), who had the right to direct a resubmission, and that such direction should be made at the time when the prior indictment was disposed of.

It follows, therefore, that the judgment of conviction appealed from must be reversed, on the ground that defendants were entitled to an acquittal on their pleas of former acquittal, and that the defendants be discharged from custody. All concur.