In the Matter of the Judicial Settlement of the Account of Proceedings of ALBERT L. RAWSON, as Executor, etc., of EMMA T. RAWSON.

Surrogate's Court, New York County, May, 1923.

**Surrogates' Courts — power of present surrogate to decide motion made in same court in 1894 — no decision by surrogate before whom it was made.**

Where no decision was rendered upon a motion made in the Surrogate's Court in 1894 the present surrogate under section 20 of the Surrogate's Court Act has power to decide the motion.

The referee to whom the accounts of an executor and the objections thereto were sent filed a report in which he found as facts that the estate had not been properly handled and that the executor and trustee was not a person of any pecuniary means or responsibility and as a conclusion of law he should be removed from office. The decree entered pursuant to the findings of the referee provided for the revocation of the letters testamentary and the removal of the executor and trustee from office, but neither the petition for the accounting nor the citation gave notice to the executor that application would be made for his removal as executor and trustee, and the records of the court do not contain a notation of the revocation of the letters testamentary. In 1894, more than a year after the entry of said decree, the executor moved to vacate so much thereof as contained directions for his removal from office, but no decision of the motion was ever made. *Held*, that a motion made by the executor of the accounting executor that the surrogate decide the motion made in 1894 will be granted and the motion made in 1894, which should have been granted then, will be granted now.

Surrogate's Court, New York County, May, 1923.        [Vol. 120

MOTION to vacate part of a decree on an accounting.

*Mc Kercher & Link,* for trustee.

*Michael J. Mulqueen,* special guardian for infants.

*J. Baldwin Hand,* for Mrs. Mierisch.

*Stetson, Jennings & Russell,* for Guaranty Trust Company.

O'BRIEN, S.   This is an application to have the surrogate take up and complete a motion made in March, 1894, by the executor, Albert L. Rawson, now deceased, to vacate and set aside so much of a decree on accounting as revoked his letters and removed him as testamentary trustee, and on which motion no decision has been heretofore rendered.

On the 10th day of December, 1891, a petition was filed for a compulsory accounting of the executor, Albert L. Rawson.   This petition asked for no other relief than that an account be filed and judicially settled.   Citation was issued on the 10th day of December, 1891, returnable on the 19th day of January, 1892.   The citation asked for no other relief than that the respondent render and judicially settle an account of his proceedings as testamentary trustee and executor.   Subsequently and on the 16th day of February, 1892, the respondent filed his account as executor, together with a petition asking that it be judicially settled.   The two proceedings were consolidated.   Objections were filed to the account and the matter was sent to a referee.   The referee filed his report on the 18th of October, 1892, in which he found that the estate was not properly handled and that the executor and trustee was not a person of any pecuniary means or responsibility, and one of the conclusions of law of the referee was that Albert L. Rawson should be removed as executor and trustee.   Neither the petition filed nor the citation gave any notice to the respondent that application would be made for his removal.   The decree, dated January 3, 1893, which judicially settled the account of Albert L. Rawson as executor and trustee, provided in its last paragraph for the revocation of his letters and his removal as trustee, pursuant to the findings of the referee.   The records of this court do not contain a notation of the revocation of the letters testamentary.   On March 20, 1894, the executor, now deceased, stating that he had just learned that the decree had vacated his letters and removed him as trustee, applied to the court to vacate so much of the decree as contained such directions.   The motion was marked "Submitted."   On March 23, 1899, the motion was again brought on for hearing and marked "Reserved generally;" no decision having been rendered

then or since.   This motion now before the court is for the purpose of completing the last motion heretofore made.

The court is of the opinion that the motion should have been granted when first made on the ground that, as the petition did not ask for the removal of the executor and trustee and the citation gave him no notice that such an application would be made, his removal was irregular.   If the facts as found by the referee justified the removal of the executor and trustee an independent application could have been made, based on the referee's report and on notice to the respondent.   A judgment made should not exceed the relief asked for in the pleadings, except by amendment of the latter on due notice to the other side.

The novel question now arises: Has this court, after all these intervening years, the power to decide this motion made in 1894? An examination of the authorities discloses no case similar to this. There are many authorities holding that a successor judge in office has the power to complete the business left unfinished by his predecessor, but they invariably refer to the immediate predecessor in office.   *Matter of Guidet*, Surr. Decs. 1920, p. 6; *Matter of Carcy*, 24 App. Div. 531.   However, there is, I believe, ample authority in section 20, subdivisions 8 and 9, of the Surrogate's Court Act for me to take up and decide the motion in question.

This section provides that the surrogate has power " to complete any unfinished business pending before his predecessor in office," and " to sign his own name   *   *   *   to papers left uncompleted by any of his predecessors."   Were there not power in this court to meet a situation such as presented upon this motion, wrongs would go unrighted and justice would be thwarted.   The doors of this court should be always open to supply any omission of the past.

The motion is, therefore, granted.   Settle order on notice.

Ordered accordingly.