### E. L. HAYDEN v. STATE OF FLORIDA

9 So. (2nd) 180                                    Division A
May 26, 1942                    Rehearing Denied July 21, 1942
On Motion June 30, 1942

Whitaker Brothers, and Alvan B. Rowe, for plaintiff in error.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for defendant in error.

BUFORD, J.:

On appeal we review judgment of conviction of the offense of operating a gambling house.

Appellant poses five questions for our consideration, as follows:

"First. Where the court enters an order quashing an information upon motion of defendant, *and does not order that another information be filed against defendant,* does such order of the court quashing said information, discharge the defendant from further prosecution on said charge?

"Second. Where the defendant filed motion to quash information, and the court sustains said motion and quashes the information, *and the court does not order that another information be filed,* but the prosecuting attorney files another information without such order, and the defendant, before pleading thereto, interposes motion to quash the new information upon the ground,

among others, that there was no order of the court ordering the filing of same, is it not error for the court to deny the motion to quash, challenging said information, and proceed to try defendant upon said information?

"Third. Where the trial court has entered an order sustaining motion to quash an information and does not order that another information be filed against the defendant on said subject-matter, does not the defendant stand acquitted of said charge, and when this is brought to the court's attention upon motion to quash the subsequent information, as well as in the motion for new trial, is it not error under this status of the record for the court to proceed to pronounce judgment against the defendant?

"Fourth. Is it not reversible error for the prosecuting attorney, in his argument, to direct the jury's attention to the fact that the defendant failed to take the stand and testify?

"Fifth. Where an information charges defendant with operating a gambling house, does not the burden rest upon the State to prove as an essential element of its case the ownership or control of the alleged gambling premises and devices?"

Considering the last question first, we may dispose of same by saying that the evidence was amply sufficient to warrant the jury in reaching the definite conclusion that the accused controlled the place where gambling was indulged in and operated the same as a gambling house.

The First, Second and Third questions are based on the provisions in Section 141 of Florida Criminal Procedure Act, which is as follows:

"Effect of sustaining the motion to quash.—If the motion to quash is sustained the court may order that another information be filed or that the matter be again submitted to a grand jury, or if the matter is such that an information might have been filed against the defendant if he had not been indicted, that an information be filed for the offense charged in the indictment. If one of the aforementioned orders is made the defendant, if in custody, shall remain so unless he shall be admitted to bail. If such order is not made or if having been made, a new indictment is not found by the same or the next succeeding grand jury having authority to inquire into the offense, or another information not filed within a time to be specified in the order, or within such further time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless he is in custody on some other charge; if he has been released on bail he and his sureties are exonerated, and if money or bonds have been deposited as bail such money or bonds shall be refunded."

It is the contention of appellant that the effect of this provision is to bar a prosecution under a second or subsequent information or indictment unless the trial court at the time of entering the order quashing the original information or indictment then directed the filing of a new information or a reconsideration of the charge by a grand jury. Counsel relies on Ex Parte Williams, 116 Cal. 512, 48 Pac. 499, and other California cases to like effect; also on the case of State v. Walton, 30 Okla. Cr. 416, 236 Pac. 629, and other Oklahoma cases, also on the case of State v. Philips, 27 Arizona 349, 233 Pac. 586, and other

Arizona cases and also People v. Zerillo, 146 App. Div. 812, 131 N.Y.S. 500.

In all the states in which those cases arose the involved statutes were materially different from the provisions of our statute, supra, in that in each of those statutes it was in effect provided as in the New York Code as stated in People v. Zerillo, supra.

"Sec. 327. If the demurrer be allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury."

Our statute, supra, does not provide that the sustaining of motion to quash without ordering a new information or resubmission to a grand jury shall constitute a final disposition of the cause or a bar to further prosecution but only provides that the failure of the trial judge to make such order shall entitle the accused to be discharged from custody, if he be in custody, or to relieve his bond, if he be under appearance bond.

Our statute is in effect like that of Sections 158 and 159 of the Criminal Code of Kentucky which were construed in the case of Commonwealth v. Wilson, 280 Ky. 61, 132 S.W. (2nd) 522.

We think the Kentucky court placed the proper construction on the statute.

We now consider the "Fourth" question presented. Section 214 of Florida Criminal Procedure Act is:

"Accused may make himself a witness.—In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in

such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.

Section 244 of the Florida Criminal Procedure Act is:

"Hearing on motion.— (a) The Court in its discretion may sentence the defendant either before or after the filing of a motion for new trial.

"(b) Where a motion for a new trial calls for the decision of any question of fact the court may hear evidence on such motion by affidavit or otherwise."

Ground 9 of the Motion for New Trial is:

"The State Attorney illegally and improperly commented upon the failure of the defendant to take the witness stand and testify in his own behalf. The state attorney several times pointed out that the State's evidence and testimony was not contradicted and was undenied and then stated: 'It has even been testified to in this case that some of these bolita tickets, introduced in evidence, were in the handwriting of E. L. Hayden, and this has not been contradicted or denied.' "

The motion was not under oath and was not supported by any testimony.

It is well settled that recitals in motion for new trial are not evidence or proof of truth of facts stated or asserted in such motion. Nickels v. State, 86 Fla. 208, 98 Sou. 497; Taylor v. State, 88 Fla. 555, 102

Sou. 884; Lamb v. State, 90 Fla. 844, 107 Sou. 530; Turner v. State, 99 Fla. 246, 126 Sou. 158.

As seen by sub-paragraph (b) of Section 244, supra, it is provided that where a motion for a new trial calls for the decision of any question of fact, the court may hear evidence on said motion by affidavit or otherwise. It is not necessary for us to determine whether or not the allegations of ground 9 of the motion for new trial were sufficient, if proven to be based on facts, to require the granting of motion for new trial because there is no evidence which we may consider establishing the facts to be as alleged in the motion.

It is true that although this motion was presented and ruled on on December 29, 1941, the defendant, through his counsel, filed affidavits in the court below on February 26, 1942, which tended to substantiate the truth of the allegations of ground 9, supra, but there is no showing in the record that these affidavits were ever presented to the trial court and certainly there is no showing that they were in existence for consideration by the trial court when the motion for new trial was ruled on.

The record does not show that any motion was made by the defendant suggesting that the court take testimony or consider evidence tending to prove the truth of the allegations of ground 9 of the motion.

In the order denying motion for new trial, the court said:

"The court further finds that there was no stenographic report made of the State Attorney's address to the Jury and that no objections to the contents of the said speech were made to the Court during the progress of the speech or the trial.

"The Court does not recall the State Attorney making the statement which ground Nine of the Motion for New Trial indicates he made."

So it is that the record does not establish the verity of the allegation contained in ground nine of the motion, supra, in such manner as may be considered by us on appeal. The statute, supra, authorizes the trial court to hear evidence by affidavit or otherwise as to matters alleged in a motion for new trial which called for the decision of the question of fact, but it does not authorize the Supreme Court to hear evidence to determine such questions of fact after the motion has been presented to the lower court and ruled upon, without such evidence having been presented to that court.

It, therefore, follows that the Fourth question is not presented in the record for this Court's determination.

No reversible error appearing from a consideration of the entire record, the judgment must be affirmed and it is so ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.

### ON MOTION

PER CURIAM:

Appellant was convicted for operating a gambling house and on appeal that conviction was affirmed, opinion filed May 26, 1942. He now moves for permission to supply omissions from the record on appeal as authorized by paragraph 8b, Rule 11 of the Rules of this Court and Section 301(h) of the Criminal Procedure Act, Chapter 19554, Acts of 1939.

The alleged omissions had reference to a proffer of evidence before the trial court to the effect that the State Attorney in his argument to the jury made improper reference to the fact that defendant did not take the stand and testify at the trial. Affidavits as to the proffer and evidence were embraced in and made a part of the motion for new trial. The trial court heard argument on the proffer but on consideration refused to hear the evidence because he did not consider it with the facts submitted sufficient basis for a new trial.

It is quite true that the provisions of Rule Eleven and the Criminal Procedure Act relied on provide for dimunition of the record in the manner here attempted. We think, however, that both provisions contemplate that such motions be made before the case is finally submitted to this Court and that they come too late if made after the case is finally submitted and disposed of.

Prompt and efficient administration of justice including justice to all parties who invoke the jurisdiction of the courts to adjust their controversies require this interpretation. Any other interpretation would interminably prolong litigation and would encourage carelessness in appellate procedure.

The motion is denied.

BROWN, C. J., TERRELL, BUFORD and CHAPMAN, JJ., concur.