OMES CONTINENTAL, LTD., et al., Plaintiffs, *v.* BALDWIN LOCOMOTIVE WORKS, Defendant.

Supreme Court, Special Term, New York County, June 24, 1943.

*Jacob L. Holtzmann* for motion.
*Baldwin, Todd & Young,* opposed.
*Breed, Abbott & Morgan* for defendant.

McGEEHAN, J. It appears that this action has been instituted to recover royalties on a contract under which the defendant was licensed to manufacture shell presses covered by a patent issued to the individual plaintiff Gruenthal and thereafter by him assigned to the corporate plaintiff Omes Continental, Ltd., a Gibraltar corporation (hereinafter referred to as Omes). The contract on which recovery is sought was entered into at The Hague, Holland, on November 30, 1939, between Omes and the defendant's predecessor. It was allegedly executed on behalf of Omes by Moritz Gruenthal, as managing director, who affixed the corporate seal thereto. It also bears the signature of one Klestadt, said to be a son-in-law of the former, and who together constituted the majority of the board of directors of Omes. The other director was one Aron, who resided in England. Omes is alleged to have been formed by Gruenthal for the purpose of holding the patent to his invention and to promote its commercial use. The bulk of the royalties received

were to be paid by Omes to Gruenthal. The latter, by cable signed " Omes Continental, Ltd. Gibraltar by Engineer Moritz Gruenthal, Managing Director ", authorized the bringing of suit for the recovery of the royalties due from the defendant. This cable was thereafter confirmed by letter signed by Gruenthal in the same official capacity. The attorney to whom such instructions were given issued a summons and caused same to be served on the defendant who on September 16, 1941, appeared herein.

On the strength of the instructions received the attorney appears to be justified in instituting this suit on behalf of the plaintiffs.

On February 11, 1942, Baldwin, Todd & Young, a firm of attorneys, served on the attorney for the plaintiffs an affidavit and notice of motion " for an order vacating and setting aside the summons in this action so far as Omes Continental, Ltd. is concerned * * *." This motion was made on the authority of Aron and one Trouton who now claim to be the only directors of Omes and possessed of the right to control its affairs. This has been disputed by Gruenthal who maintains that any disqualification to act while he was in enemy-invaded territory ceased upon his escape from a concentration camp and his entry into neutral territory. He charges that Aron, who had but a minor interest in the company, sought to use his place on the board in an improper attempt to obtain control of the company. The mere claim of Aron and Trouton that they now constitute the board is insufficient in itself to vest in them the authority assumed. Under the circumstances more than the mere form of alleged corporate action should be shown to overcome the presumption that the individual who executed the agreement on behalf of the corporation and who caused its seal to be affixed thereto is still authorized to act for it; particularly so where no claim is made that he has resigned and the original minute books are said to have been destroyed.

Mr. Justice McCook, who heard the motion, handed down his decision, which reads as follows: " Motion is respectfully referred to Hon. John P. O'Brien, of No. 9 East Fortieth Street, as referee, to take testimony and report with respect to the allegations contained in the papers. Decision will await report." (N. Y. L. J., April 8, 1942, p. 1473.) This evidently was intended to give the movant an opportunity to establish the basis for the relief sought. Notwithstanding the lapse of more than a year since that decision was made, no order was submitted thereon. Mr. Justice McCook in February, 1943,

resigned as a Justice of this court to enter the military service. In the meantime the prosecution of the action has been suspended. The plaintiffs now move for an order denying on the merits the motion made by Baldwin, Todd & Young, and for such other relief as to the court may seem just.

The application will be granted to the extent of directing that Baldwin, Todd & Young settle an order on two days' notice referring their motion to Hon. John P. O'Brien, as referee, in accordance with the decision of Mr. Justice McCook (Civ. Prac. Act, § 79). If notice of settlement of such order shall not be given within ten days after publication of this disposition, the plaintiffs may have an order, to be settled on two days' notice, declaring that such motion of Baldwin, Todd & Young be deemed abated and the relief sought therein waived for all purposes and to be renewed upon further application only upon leave of this court for good cause shown.

In view of the nature of this litigation and the unusual circumstances set forth, the plaintiff Gruenthal should be apprised at the earliest possible date of the legal status of the Omes Continental, Ltd., as a party plaintiff, so that if it becomes necessary to change the status of this party to that of a party defendant under the provisions of section 194 of the Civil Practice Act, the plaintiff Gruenthal will be in a position to specifically state the reason in the complaint in accordance with the requirements of said section 194.