GRACE M. B. FREDERICK, Plaintiff, *v.* FOREST HUNKINS et al., Defendants.

County Court, St. Lawrence County, January 26, 1950.

*William D. Krebs* for plaintiff.

*Frank L. Cubley* for Forest Hunkins, defendant.

*Leon G. Crary* for Archie Giffin, as administrator *c. t. a.* of Charles Hunkins, deceased, defendant.

*Wyllys A. Dunham* for Janice A. Dowe, an infant, and another, defendants.

LIVINGSTON, J.  This is an action in partition and sale of a farm situate in the town of Clare, in this county.  The summons and complaint was served on May 11, 1944, and shows the relationship of the parties to this action.  The defendant, Forest Hunkins, served an amended answer which contained two separate counterclaims.  A motion was made and granted in behalf of the defendant, Hunkins, for a jury trial on two questions raised by the amended answer which questions submitted to the jury were as follows: 1. Did Lucy M. Hunkins make an agreement and/or contract with defendant, Forest Hunkins, to the effect that, if Forest Hunkins cared for, maintained and supported her during the remainder of her life and gave her a decent burial, and carried on the Hunkins farm and paid the taxes, upkeep and improvements thereon, the defendant Forest Hunkins was to have and own the farm upon her death?

2. Did Forest Hunkins duly perform the conditions of said agreement and/or contract on his part?

The jury answered each question submitted in the affirmative.

After the jury trial above mentioned briefs on the law were submitted by the respective parties as to the construction of the will and whether the widow and life tenant, Lucy M. Hunkins, had the absolute power of disposition and the right to enter into the agreement with the defendant, Forest Hunkins, which agreement and/or alleged contract was set forth in the counterclaim of said defendant, Forest Hunkins.

Judge Hanmer rendered a written signed decision on February 12, 1945, in which he found that the alleged oral agreement by the life tenant, Lucy Hunkins, and her son, Forest Hunkins, was in violation of the terms of the will and the rights of the remainderman, and, therefore, null and void, and that the rights, shares and interests of the parties to this action in the real property sought to be partitioned are as alleged in the complaint, also finding that there was due Archie Giffin the sum of $210.67 as set forth in the decision with a request to prepare and present proposed findings at his chambers on five days' notice. Nothing further was done. Judge Hanmer died.

Howard R. Sanford, Esq., attorney for the plaintiff, suffered from poor health and has since died. William D. Krebs, Esq., has been substituted as attorney for the plaintiff in the place of Howard R. Sanford, deceased.

The plaintiff made a motion to approve of findings and for interlocutory judgment without any proposed findings or judgment being served. Later, on August 12, 1949, the plaintiff made a second motion to approve findings and for interlocutory judgment with proposed findings of fact and judgment.

The defendant, Hunkins, opposes the motions of the plaintiff to approve findings and for interlocutory judgment, and also as to the form of the proposed findings and interlocutory judgment, and raises the further question that this court has no jurisdiction to make findings and render judgment upon the opinion of Judge Hanmer, deceased, and makes a cross motion to dismiss the complaint on the ground of laches.

Section 79 of the Civil Practice Act provides for vacancies or changes in judges: "An action or special proceeding, civil or criminal, in a court of record, is not discontinued by a vacancy or change in the judges of the court or by the re-election or re-appointment of a judge; but it must be continued, heard and determined by the court as constituted at the time of the hearing or determination. * * * " (*Smith* v. *Smith*, 130 Misc. 905.)

The decision of Judge HANMER reviewed the evidence, disposed of the counterclaim of the defendant, Hunkins, and stated that the rights, shares and interests of the parties to this action in the real property sought to be partitioned are as alleged in the complaint.

Can an interlocutory judgment dismissing the counterclaim be entered on this decision and an order of reference be made without findings of fact and conclusions of law, or should the complaint be dismissed on the ground of laches, and the parties be compelled to go to the expense of litigating again the issues which have been decided by the decision of the deceased judge?

An interlocutory judgment can be entered on this decision without findings of fact and conclusions of law. (*Metropolitan Life Ins. Co.* v. *Union Trust Co.*, 294 N. Y. 254.) In this case a judgment was entered upon a written memorandum of an official referee without any findings of fact or conclusions of law. Judge LEWIS, writing for the court at page 259 stated: '' The fact that in a written ' memorandum ' the Referee included a conclusive statement of his findings as to factual issues and a direction for the entry of judgment qualifies that ' memorandum ' as a decision upon which a judgment was properly entered.''

In *Hamer* v. *Flatto* (170 Misc. 560, 561) Justice HALLINAN states: '' Where the court, as in this equity action, has disposed of the issues presented, by a written and signed opinion, and the parties were directed to submit a judgment on notice in accordance, no formal written decision containing findings of fact and conclusions of law is required by section 440 of the Civil Practice Act.''

In *William H. Wise & Co.* v. *Doubleday, Doran & Co.* (60 N. Y. S. 2d 719) Justice BENVENGA, at pages 724–725 stated: '' And it is equally well settled that where, as here, the trial court has rendered an opinion in writing setting forth the facts upon which the decision is based, the court is not required to pass upon proposed findings of fact and conclusions of law.'' (*Grace* v. *Corn Exch. Bank Trust Co.*, 171 Misc. 522; *Matter of Joroco Silk Corp.* v. *Nova,* 265 App. Div. 1061.)

In the last decision above referred to, the memorandum by the court holds that section 440 of the Civil Practice Act did not require the court to pass upon proposed findings of fact and conclusions of law, and that section 439 of the Civil Practice Act had no application because petitioner made no request to submit findings of fact and conclusions of law until after the cause had been finally submitted to the court.

The memorandum by the court in *Schoengold* v. *Bier* (268 App Div. 832) states: " The objection that the decision does not conform to section 440 of the Civil Practice Act is untenable. The decision is equivalent to express findings of fact in favor of the plaintiff on each and all of the material facts alleged in the amended complaint."

" After the decision of the referee was filed, his judicial determination of all questions of law and of fact was complete. Judgment might be entered upon that report by the clerk as a ministerial act." (*Corr* v. *Hoffman,* 256 N. Y. 254, 263; Rules Civ. Prac., rule 198.)

The act of rendering judgment by the justice is a judicial act and that of entering it in his docket is a ministerial act and hence judicial functions of the justice are complete when he has rendered his judgment. (*Vogel* v. *Edwards,* 283 N. Y. 118, 121; *Anstendig* v. *Dinnerson,* 147 Misc. 827.)

The decision is good even though it does not direct the entry of the judgment. (*Gold* v. *Serrell,* 2 Misc. 224.)

The signed decision is good even though it was not filed. The judicial act was complete when it was signed. (*Kennedy* v. *Smith,* 202 App. Div. 249.)

Prepare an interlocutory judgment in accordance with the decision, directing that the signed decision and all necessary papers be filed, and an order of reference, pursuant to the provisions of rule 247 of the Rules of Civil Practice, appointing Richard C. Algie, Esq., of Norwood, New York, referee.