THOMAS, Justice.
Twelve persons were arrested for operating a gambling house and in order to gain their freedom each of them executed a bond, which All Florida Surety Company signed as surety, conditioned upon the appearance of the principal at the-next regular or special term of the Criminal Court of Record to answer the charge and to appear from day to day and term to term afterwards and not to depart without leave.
Nine days later, the County Solicitor filed informations charging each of the principals on the bonds not only with operating a gambling house but also with conspiracy to violate the gambling laws.
The first charge, a felony, was mentioned in the bond; the second charge, a misdemeanor, was not.
From the minutes of the court quoted in the Circuit Judge’s judgment, we learn that “ ‘The Court of its own motion dismissed Count Two of the Information [charging operation of a gambling house] as to all the defendants, and ordered Count One of the Information [charging con *90 spiracy], as to all the defendants, transferred to the Court of Crimes, allowing the State leave to refile the charge of Operating a Gambling House in the Criminal Court [o.f ] Record.’ ”
So at that point what was left of the informations, the counts charging misdemeanors, was sent to the court having concurrent jurisdiction to try those offenses, nothing remained for adjudication by the Criminal Court of Record, and the solicitor was given permission to “refile” informations charging the commission of a felony.
When the defendants failed to appear before the Court of Crimes-and the surety failed to produce them, that Court estreated the bonds. Subsequently the Circuit Court held the "estreatures invalid and entered judgment for the defendant. Upon appeal to this court the judgment was affirmed. It was the gist of the opinion that the obligation of causing the principals to appear in the Court of Crimes was outside the undertaking of the surety. State, for Use and Benefit of Dade County v. All Florida Surety Co., Fla., 59 So.2d 849.
Reverting to the record in the. instant case, we find that four days after the dismissal of the felony counts and transfer of the misdemeanor counts to the Court of Crimes, the solicitor filed a new information .charging the defendants jointly with the operation of a gambling house. The new information was assigned a different case number than had been given the original ones. Although we do not attach much significance to this point, we should say in the interest of accuracy that the circuit judge who reviewed the matter thought that a new number was mistakenly placed on the last information, an inadvertence or error he thought was indicated by the fact that the trial judge nearly two years later ordered the last information refiled under the number of the first in-formations.
To recapitulate with reference to the chronology, the arrests were made 4 April 1949, the first informations were filed 13 April 1949, 'the dismissal and transfer occurred 16 June 1949, the new information was filed 20 June 1949, and both the assignment of the old number to the new information and the estreature of the bonds- took place 24 May 1951, nearly two years later.
In the second estreature proceedings, the circuit judge found that the facts, files, pleadings and admissions showed no justifiable defense of the surety to.the forfeiture of the bonds, decided that the obligation of the surety had not been met and entered judgment against.the surety.
We think that the" decision turns on the effect of the judge’s order dismissing the counts charging offenses of which his court alone had jurisdiction and transferring the others to the' Court of Crimes, that is, whether the obligation of the surety for ap-pearañce of the principals in the Criminal Court of Record continued because of the mere statement that the solicitor would be allowed to “refile the charge.”
From the representation made to the circuit judge and not challenged by the solicitor, it appears that capiases issued on the information last filed and that one of the defendants was arrested and posted a new bond, which was subsequently forfeited. That is the reason only eleven of the twelve original principals now appear as appellants.
We are not advised what prompted the court to enter, ex mero motu, the order of dismissal and transfer. We have consulted the file in the first appeal and have ascertained only that the order followed immediately a motion to suppress the evidence on the ground that a search warrant was defective.
The Attorney General and County Solicitor insist here that the procedure followed was the equivalent of granting a motion to quash.
The statute on the subject is plain. If a motion is sustained, the court may order another information filed. If the order is rendered, the defendant shall remain in custody unless admitted to bail. “If such order is not made or if having been made, *91 * * * another information [is] not filed within a time to be specified in the order, or within such further time as the court may allow * * *, the defendant, if in custody, shall be discharged * * *; if he has been released on bail he and his sureties are exonerated, and if money or bonds have been deposited as bail such money or bonds shall be refunded.” Chapter 19,554, Laws of Florida, Acts of 1939, Sec. 909.05, Florida Statutes 1951 and F.S.A. Cf. Hayden v. State, 150 Fla. 789, 9 So.2d 180.
No attack was directed at the information and no order was entered requiring a new information to be filed within a specified time. Although the absence of such an order would not bar a further prosecution, it would discharge the bonds.
From a study of this law, it is difficult to see the analogy of the method adopted by the trial judge to the course outlined in the statute. Had a motion to quash been presented and granted, the judge could have ordered the solicitor to file another information and by doing so could have held the surety accountable on the existing bonds. But when no such order was entered requiring another information, the defendants were entitled to discharge and their surety was entitled to release.
Clearly there was no order directing the filing of another information within a prescribed time but only permission to the solicitor to do so if he wished. We find another dissimilarity. Obviously, the in-formations were not dismissed because defective for according to the recital in the circuit judge’s judgment the charge in the last information was stated “in the exact words and figures as charged in the Second Count of the original information.”
In making these comments we have no purpose to criticize what the judge of the Criminal Court did, but we are only attempting to arrive at a decision of the effect of his action on the bonds of the defendants.
Under the act creating the Court of Crimes that Court and the Criminal Court of Record have concurrent original jurisdiction in all misdemeanors. The County Solicitor institutes prosecutions for misdemeanors by filing in the Criminal Court of Record informations which are “immediately transferred * * * to the Court of Crimes * * *.” Chapter 11975, Laws of Florida, Acts of 1927.
It is our view that Judge Willard acted properly when he immediately transferred to the Court of Crimes what was left of the informations, the counts charging misdemeanors, after he had “dismissed” the counts setting forth felonies. We interpret this act as a proper relinquishment of jurisdiction of the case and not as a retention of jurisdiction in the event the solicitor should “refile the charge.”
When the solicitor filed a new information against all the original defendants he started a new prosecution. This construction is emphasized by the fact that capiases were issued and one defendant was arrested anew and gave a new bond. It seems to us that the old bonds were discharged when the counts which the principals were obligated to answer were dismissed. No case was pending in the Criminal Court of Record after the dismissal, and the new information was the beginning of a new case upon the filing of which new capiases could issue, as they did, and new bonds could be required as one was.
In the interim between the dismissal and the filing of the last information which the solicitor chose to file, but need not have filed, the obligation of the surety ended. And we think the situation was not changed when, nearly two years after the' last filing, the new information was ordered given the number of the original informations.
There is comment in the appellants’ brief about the sealing of the last information for a protracted period and although the statement is not refuted, we do not dwell upon the circumstance because knowledge of it comes from the initial return which appears to have been supplanted by an amended return. Whether or not this representation was considered by the judges of the Criminal Court of Record and the Circuit Court we do not know.
*92 A close study of the record brings us to the view that the judgment is erroneous, so it is
Reversed.
MATHEWS, C. J., and HOBSON and DREW, JJ., concur.