James D. Hopkins, J.
In an appeal from an order of the City Court of White Plains, the plaintiff has moved for resettlement of an order of Honorable Harold T. G-arrity in this court affirming the order appealed from. The defendant appeared personally on the argument of the motion and opposed the resettlement.
The plaintiff contends that the order of Judge Garrity should be resettled, because it does not reflect the disposition which was indicated in the memorandum decision made by Judge Garrity, prior to the signing of the order. That memorandum decision stated that plaintiff’s recourse must be by appeal from the judgment entered in the City Court in the action, subsequent to the making of the order, and directed the dismissal of the appeal. The plaintiff, consequently, urges that the order of Judge Garrity be resettled to provide for dismissal, rather than affirmance of the order of the City Court. At the present time, Judge Garrity is no longer in office, and cannot entertain the motion for resettlement (Civ. Prac. Act, § 79; Salina Constr. Supply Co. v. Richards Constr. Co., 200 Misc. 796; People v. Poole, 133 N. Y. S. 2d 465).
Although the County Court is a continuing court for certain purposes (Civ. Prac. Act, § 70), the engrossing question posed by this motion is whether an incoming County Judge may resettle an order made by an outgoing County Judge which, in terms, is materially different from the original order. Section 78 off the Civil Practice Act states that a special proceeding begun before a Judge of a court of record, or a. proceeding begun before a Judge of the court out of court in an action or special proceeding pending in a court of record, or an order made in such proceeding may be amended, or the proceeding continued from time to time or heard by one or more Judges of the same court with like effect, as if instituted before the Judge who last heard the same. That section, however, applies only to a proceeding before a Judge acting out of court, and has no relation to a motion in an action heard by a Judge before his office is vacated (Matter of Mayor of City of N. Y., 139 N. Y. 140, 143). As a matter of practice and judicial decorum, no Judge of co-ordinate jurisdiction should reverse or modify an order made by a Judge of the same court (cf҅. “ Gino ” v. “ Gino ”, 105 N. Y. S. 2d 333).
In this instance, moreover, it appears that the order sought to be resettled was made in an appeal argued before Judge Garrity. The memorandum decision, however clear it may be, cannot modify the order (People ex rel. Follett v. Water Works *629 Co., 124 Misc. 23). A court may have power, as a ministerial act, to direct judgment in an equity action, after a Judge, who thereafter resigned, had made findings (Anstendig v. Dinnerson, 147 Misc. 827; Frederick v. Hunkins, 197 Misc. 299). That is not the same as the case where an application is made to vacate or modify such a decision, after the Judge making the decision is no longer a member of the court (see Woolf v. Woolf, 126 Misc. 868). More on the border line is the situation where an outgoing Judge decides a motion to refer, but fails to make an order, and a Judge of the court settles the order (Omes Continental, Ltd. v. Baldwin Locomotive Works, 182 Misc. 41). In this respect, the Surrogate’s Court differs, since by statute it is provided that a Surrogate in office may complete any unfinished business before his predecessor (Surrogate’s Ct. Act, § 20, subd. 8; cf. Matter of Carey, 24 App. Div. 531; Matter of Rawson, 120 Misc. 713). In a similar case, a County Court Judge may not determine a pending action in which evidence was taken before a predecessor (Van Bel Co., v. Board of Educ., 142 Misc. 492; Furber v. Sidell, 5 Misc 2d 121).
In any event, since this was an order deciding an appeal, and the proposed order of resettlement is so materially different from the original order as to constitute in itself practically a review of such order, I am of the opinion that section 21 of the Judiciary Law bars me from resettling the order in the manner requested. That section makes clear that a Judge, other than of the appellate courts, may not take part in the decision of a question argued orally in the court when he was not sitting as a Judge (cf. Gable v. Raftery, 65 N. Y. S. 2d 520).
Accordingly, the motion to resettle is denied. Submit order.