■ The People of the State of New York, Respondent, v. James Jenkins, Appellant.— Appeal by defendant from (1) a judgment of the County Court, Westchester County, rendered February 16, 1971, convicting him of criminal possession of a dangerous drug in the first and fourth degrees and unlawful possession of a narcotic implement in violation of section 3395 of the Public Health Law, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated April 1, 1970, which, on reargument, (a) vacated a prior order of said court, dated January 27, 1970, granting defendant's motion to suppress physical evidence and his statements and to dismiss the indictment, and (b) directed a hearing with respect to the motion to suppress the physical evidence. Judgment rendered February 16, 1971 and order dated April 1, 1970 reversed, on the law, and order dated January 27, 1970 reinstated, with permis-

sion to the People to apply to the County Court, pursuant to CPL 210.20 (subd. 4), for leave to submit the charges to another grand jury. After the County Court dismissed the indictment on January 27, 1970, following its granting of the motion to suppress evidence upon which the indictment was based, in our opinion the available remedies to the People for possible reinstatement of the indictment was either by appeal under the then section 518 of the Code of Criminal Procedure or by applying to the County Court under the then section 327 of the Code of Criminal Procedure (now CPL 210.20) for leave to resubmit the matter to the same or another grand jury. Further, in our opinion, the People's reargument application should have been made to the County Judge who had made the order dated January 27, 1970. The application should have been made by order to show cause submitted to that Judge; it was his prerogative whether reargument should be allowed, not the prerogative of another County Judge with concurrent jurisdiction (cf. *People* v. *Canna*, 35 A D 2d 1062; *People* v. *Hooper*, 22 A D 2d 1006; *Katz* v. *McCosh*, 19 Misc 2d 627; *Ellis* v. *Central Hanover Bank & Trust Co.*, 198 Misc. 912, 913; *Matter of Central States Paper & Bag Co.* [*Chicopee Mills*], 132 N. Y. S. 2d 69, 72, affd. 284 App. Div. 841; Judiciary Law, § 21). Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.