BARKDULL, Chief Judge.
The appellant was convicted of aggravated assault and prosecuted this appeal. During the preparation of the record on appeal, it became apparent that the court reporter had lost some of her notes. Thereafter, the trial court entered an order requiring trial counsel to prepare a narrative of that portion of the transcript not available. That order read in part as follows:
ORDERED that the Assistant State Attorney Timothy Choate and defense counsel for the Defendant herein, Albert L. Carricarte, Esquire, shall, in narrative form, set down their recollection of the testimony and happenings before this Court from the point where the Defendant took the stand in his own behalf; and said counsel shall supply this Court * * with this narrative of said recollections * * * fi
******
The only point urged for reversal of the judgment of conviction under review and the awarding of a new trial is the failure of the narrative statement (approved by the trial judge) to contain evidence as related by the State’s rebuttal witness.
We reject this contention for several reasons: First, if there was error in the preparation of the narrative stipulation, defense counsel[1] participated in this error and induced the trial judge into approving the stipulated narrative. Gagnon v. State, 212 So.2d 337 (Fla.3d DCA 1968); Bianchi v. State, 272 So.2d 8 (Fla.3d DCA 1973); Castle v. State, 305 So.2d 794 (Fla.4th DCA 1974). Next, the original assignment of error in this cause went to the sufficiency of the evidence. No contention is made that the State did not prove a prima facie case in its case in chief; the most that the rebuttal evidence presented would be in contravention of the defense presented by the defendant. Therefore, the portion not referred to in the narrative would be immaterial. Additionally, it is incumbent upon the appellant’s counsel, if he objects to the record on appeal [be it either a transcribed record or a narrative record], to make this objection known to the trial judge. No such objection or motion to correct the record was ever made to the trial judge in this cause. Therefore, any objection to the record on appeal has been waived. Hayden v. State, 150 Fla. 789, 9 So.2d 180 (1942); Nations v. State, 145 So.2d 259 (Fla.2d DCA 1962); Fla.App. Rule 3.61.
Under the circumstances of this case, we hold that there is an adequate record on appeal and, the appellant having *251 elected to preserve as the sole point on appeal reversal upon the alleged insufficiency of the record, we affirm the final judgment under review.
Affirmed.

. There has been no assertion made herein that defense counsel was vindicative toward the defendant, rendering preparation of a stipulated record impossible. Simmons v. State, 200 So.2d 619 (Fla. 1st DCA 1967).