THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v K. R. SHUKLA, WILLIAM FLICKINGER and JULIUS HAUER, Respondents.—Appeals by the People from three orders of the Supreme Court, Kings County, one dated October 28, 1976, which, *inter alia,* dismissed an indictment against defendant Shukla, a second dated October 27, 1976, which, *inter alia,* dismissed an indictment against defendant Flickinger, and a third dated October 28, 1976, which, *inter alia,* dismissed an indictment against defendant Hauer. Orders affirmed. We find that the Narcotics Part of the Supreme Court exercised their city-wide jurisdiction when they dismissed indictments

for violations of sections 3331 and 3335 of the Public Health Law because they failed to charge offenses relating to the sale or possession of a narcotic drug under subdivision iii of section 177-d of the Judiciary Law (see *People v Taylor,* 39 NY2d 649). Accordingly, under CPL 210.20 (subd 4) no further prosecution of the charges in Kings County can occur without the authorization of the Narcotics Part of the Supreme Court to submit or resubmit the charges to the same or another Grand Jury. Since such authorization was not obtained by the People, the indictments were properly dismissed. However, contrary to the memorandum decisions of Criminal Term dated September 20, 1976, the fact that the dismissals did not grant the People authorization to resubmit the charges to a Kings County Grand Jury does not bar them from seeking such authorization now (see *People v Jenkins,* 39 AD2d 924). Cohalan, Hawkins and O'Connor, JJ., concur; Rabin, J., concurs in the result, with the following memorandum, in which Hopkins, J. P., concurs: The decision reached by the majority to affirm the dismissal of the indictments is, in our view, correct. We disagree, however, that authorization for resubmission can be obtained only from the Narcotics Part of the Supreme Court. In our view authorization to resubmit the charges to a Kings County Grand Jury can be obtained from the Supreme Court, Kings County. The Special Narcotics Parts of the Supreme Court are merely parts of the Supreme Court (see Judiciary Law, § 177-b). Those Narcotics Parts, created to deal with an emergency situation in narcotics law enforcement, were granted city-wide jurisdiction, so that a narcotics offense committed in Kings County could be tried by the Special Narcotics Part, even though it sat in New York County (see *People v Taylor,* 39 NY2d 649). The action taken here by the Special Narcotics Part was, therefore, merely an extension of Kings County Supreme Court jurisdiction. Accordingly, the latter remains a court empowered to grant authorization to resubmit the charges within the meaning of CPL 210.20 (subd 4).