■ In the Matter of WILLIAM HALEY, Petitioner, v ARTHUR A. DARRIGRAND, as Judge of the County Court, et al., Respondents.—Petition unanimously dismissed, without costs, Denman, J., not participating. Memorandum: Petitioner was indicted on April 21, 1977 on charges of menacing and reckless endangerment in the second degree. By order entered on August 19, 1977, based on a memorandum decision dated July 6, 1977, the respondent Darrigrand, Oneida County Judge, dismissed the indictment on motion of defendants for failure to contain factual statements in support of the charges as required by CPL 200.50 (subd 7). Neither the order of dismissal nor the memorandum authorized resubmission of the charges. On November 10, 1977 the District Attorney by notice applied to Judge Darrigrand for authorization to resubmit the charges pursuant to CPL 210.20 (subd 4), which in pertinent part reads: "Upon dismissing an indictment or a count thereof * * * the court may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury." The court granted the motion on November 30, 1977 in a memorandum decision noting that the prior dismissal of the indictment had been granted "not upon the merits but upon a technical flaw in the indictment" and holding that there was nothing in CPL 210.20 (subd 4) requiring the people to make application for resubmission at the time the motion for dismissal of the indictment is heard. The charges were resubmitted and a new indictment returned on December 20, 1977. In his application to this court for a writ of prohibition petitioner contends that respondents are acting in excess of their authority in proceeding with the indictment because the memorandum and the order dismissing the original indictment for failure to comply with CPL 200.50 (subd 7) did not contain authorization to resubmit pursuant to CPL 210.20 (subd 4). In granting permission to resubmit, the court distinguished *People v Zerillo* (146 App Div 812) (relied

on by petitioner) upon the ground that in that case the application had not been made to the same Judge who granted the demurrer and also upon the ground that *Zerillo* was decided not under CPL 210.20 (subd 4) but under different language contained in former sections 326, 327, and 328 of the Code of Criminal Procedure, which seems more clearly to require that the permission for resubmission be sought at the time of the motion for dismissal. (See dictum in *People v Jenkins,* 39 AD2d 924, to the effect that an application for resubmission under CPL 210.20 can properly be made, subsequent to the dismissal, to the Judge who originally dismissed the indictment, cited with approval in *People v Shukla,* 58 AD2d 879, 880, affd 44 NY2d 757, in which the court stated that "the fact that the dismissals did not grant the People authorization to resubmit the charges * * * does not bar them from seeking such authorization now.") The petition should be dismissed. "The extraordinary remedy * * * of prohibition * * * lies only where there is a clear legal right" *(Matter of State of New York v King,* 36 NY2d 59, 62). Prohibition is not mandatory but may issue in the sound discretion of the court *(La Rocca v Lane,* 37 NY2d 575, 579, cert den 424 US 968). The writ is ordinarily not granted when the alleged error may as here be reviewed on appeal from final judgment *(Matter of B. T. Prods. v Barr,* 44 NY2d 226; *Matter of Dondi v Jones,* 40 NY2d 8, 15; *La Rocca v Lane, supra; Matter of State of New York v King, supra). Matter of Martinis v Supreme Ct. of State of N. Y.* (20 AD2d 79, relied upon by petitioner but reversed 15 NY2d 240), may be distinguished. The petitioner in that case applied for a writ of prohibition claiming he was exposed to double jeopardy after having already been tried and acquitted, whereas in the case at bar the dismissal was not on the merits and the petitioner has not been in jeopardy at any time. Likewise *Matter of Forte v Supreme Ct. of State of N. Y.* (62 AD2d 704), in which prohibition was held to lie to prevent the prosecution of the petitioner who claimed double jeopardy, is not in point. That case involved CPL 450.50, a statutory double jeopardy provision stating that the failure of an appeal from an order suppressing evidence (in connection with which the District Attorney has filed a statement asserting that the suppression of the evidence in question has destroyed any reasonable possibility of prosecuting the charge to a conviction) bars prosecution of an indictment based on such evidence. No similar statutory provision is involved in the case at bar. We note parenthetically that in *People v Zerillo* (146 App Div 812, *supra)* and *People v Jenkins* (39 AD2d 924, supra) the propriety of the resubmission of the indictment was raised on appeal from final judgment and not by an application for a writ of prohibition. (Art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.