OPINION OF THE COURT
Norman J. Felig, J.
The indictment having been dismissed by order dated August 25, 1978, the People, by way of order to show cause, seek leave to submit the charges to the same or another Grand Jury and to amend the order by making the dismissal condi *654 tional upon the defendant testifying before the Grand Jury under a waiver of immunity.
The defendant was indicted for the crimes of robbery in the first degree, robbery in the second degree and grand larceny in the second degree under Indictment No. 2203 of 1978. On August 10, 1978 the defendant moved for a dismissal of the indictment on the ground that he was not given an opportunity to testify before the Grand Jury, although timely notice to that effect was served upon the District Attorney (CPL 190.50, subd 5). On August 25, 1978 the motion was heard. The People conceded that the defendant was not notified to appear as a witness before the Grand Jury, but would not consent to a dismissal on that ground. The People moved that, instead, the indictment be dismissed in the interests of justice. The defendant joined in the People’s motion and the indictment was dismissed on that ground. Thereafter, on August 28, 1978, the People’s instant application for leave to resubmit was argued. The People alleged that through inadvertence, leave to submit the charges to another Grand Jury and to make the dismissal conditional upon the defendant testifying under a waiver of immunity was not requested.
The defendant contends that since the indictment was dismissed in the interests of justice on the People’s own motion, the court is without authority to grant leave at this time. Furthermore, he argues, an application for leave to resubmit the charges after dismissal of an indictment may be made only at the time the motion to dismiss was heard and granted. Since the People failed to ask for leave to submit the charges at that time, whether inadvertently or otherwise, they are now estopped from seeking that relief. The People, on the other hand, urge that upon all of the attendant circumstances the court may properly grant the application, although such relief was not applied for upon the dismissal of the indictment.
The law is clear that a Grand Jury proceeding is defective when ”[t]he defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of [CPL] section 190.50”. (CPL 210.35, subd 4.) A defendant has a right to appear before the Grand Jury hearing the. charges of which he is accused upon the service of a notice of request to the District Attorney and execution of a waiver of immunity (CPL 190.50, subd 5). Upon receiving such notice the District Attorney must notify the Grand Jury *655 foreman and serve the defendant with a notice of the date he is to appear. If the defendant is not accorded his right to appear and testify before the Grand Jury, the proceedings are defective (CPL 210.35, subd 4) and the indictment should be dismissed (CPL 210.20, subd 1, par [c]).
An indictment may also be dismissed in the interests of justice (CPL 210.20, subd 1, par [i]). A motion to dismiss on this ground may be brought by the People, the court or the defendant (CPL 210.40, subd 2).
The fact that the indictment was dismissed in the interests of justice (CPL 210.20, subd 1, par [i]) rather than because of defective Grand Jury proceedings (CPL 210.20, subd 1, par [c]) is immaterial. CPL 210.20 (subd 4) permits resubmission of charges on both grounds. It reads in pertinent part, as follows: "Upon dismissing an indictment or a count thereof upon any of the grounds specified in paragraphs (a), (b), (c) and (i) * * * the court may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury. When the dismissal is based upon some other ground, such authorization may not be granted.”
The intent of the Legislature in enacting CPL 210.20 (subd 4) was to permit "a resubmission of the charges under court order upon dismissal in those cases where the defect should not result in foreclosure of further prosecution, but prohibits resubmission where the impediment is of an inherently fatal nature” (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.20, pp 339-340). It is obvious that the Legislature did not deem a defective Grand Jury proceeding an impediment of an "inherently fatal nature”. In those cases where a defendant has immunity (CPL 210.20, subd 1, par [d]); or the prosecution is barred by reason of a prohibition against prosecution (CPL 210.20, subd 1, par [e]); or the prosecution is untimely (CPL 210.20, subd 1, par [f]); or the defendant has been denied a speedy trial (CPL 210.20, subd 1, par [g]), the court may not grant leave to resubmit the charges upon the dismissal of an indictment. The statute permits a resubmission where the dismissal was based upon a defective Grand Jury proceeding or in the interests of justice, so that further prosecution would not be foreclosed.
The defendant raises another issue which appears to be of first impression in this State. He contends that CPL 210.20 (subd 4) permits the court to authorize resubmission of a case *656 when the application to do so is made by the People upon the dismissal of an indictment He claims that the word "upon” as used in the statute means the precise moment the indictment is dismissed. Therefore, since the application in this case was made three days later, the court should not grant the relief sought in this proceeding.
The word "upon”, as a time reference, has been defined as meaning "on the occasion of’ (Oxford English Dictionary, 1933, 1961); "with little or no interval after” (Webster’s New Int Dictionary [2d ed], 1950); "immediately or very soon after” (Random House Dictionary of the English Language, 1966); and "immediately following on” and also "very soon after” (Webster’s Third New Int Dictionary, 1971). It would appear, therefore, that with the passage of time "upon” has come to mean not necessarily at the very moment that something occurs but rather "immediately following” or "very soon thereafter”.
Research revealed one case that discussed the word "upon” as a point of time. In that case, United States v One Book Entitled "The Adventures of Father Silas” (249 F Supp 911) the Government instituted libel proceedings for judicial condemnation of imported obscene books. The applicable statute authorizing seizure of obscene books provided that "upon” seizure the collector of customs is required to transmit the information to the District Attorney who shall institute forfeiture proceedings. The facts revealed that there was a delay of 3 Vi and 5 Vi months in instituting libel proceedings. The court, applying the dictionary definition of "upon” as "with little or no interval after” (Webster’s New International Dictionary [2d ed], 1950), held that these delays invalidated the seizures. It stated that a delay of a period of days or short weeks at most would be permissible under the statute. Although the court did not resolve the question of how long a delay might not be too long, it held that the delays in that case were too long.
Two of the cases relied on by the People appear to sustain their position that the failure to apply for leave to resubmit at the time the indictment was dismissed does not bar an application for that relief thereafter.
In People v Jenkins (39 AD2d 924, 925) the court stated that after the County Court dismissed an indictment following the granting of a motion to suppress physical evidence upon which the indictment was based, "in our opinion the available reme *657 dies to the People for possible reinstatement was either by appeal under the then section 518 of the Code of Criminal Procedure or by applying to the County Court under the then section 327 of the Code of Criminal Procedure (now CPL 210.20) for leave to resubmit the matter to the same or another grand jury.” The People were granted leave to apply to the County Court, pursuant to CPL 210.20 (subd 4) for leave to submit the charges to another Grand Jury.
In the second case, People v Shukla (58 AD2d 879, affd 44 NY2d 756) the court held that the dismissal of the indictment without the authorization to submit or resubmit the charges to the same or another Grand Jury barred further prosecution of the charges. However, the court pointed out (supra, p 880) "the fact that the dismissals did not grant the People authorization to resubmit the charges to a Kings County Grand Jury does not bar them from seeking such authorization now” citing People v Jenkins (39 AD2d 924, supra).
The indictment in the instant case was dismissed on August 25, 1978 and the People brought this proceeding by way of order to show cause on August 28, 1978, a delay of three days. The statute, it will be recalled, states "upon dismissal”. It does not state "contemporaneously with” or "immediately upon”. A delay of three days was but a short interval of time and within the meaning of CPL 210.20 (subd 4). The delay was not so inordinately long as to violate the mandate of the statute that leave be sought "upon dismissal”. The application for leave to submit the charges to another Grand Jury (the Grand Jury which found the instant indictment is no longer in session) is granted. However, that aspect of the application which seeks to amend the order of dismissal so as to make it conditional upon the defendant appearing and testifying as a witness after waiving immunity is denied.