## Court of Appeals.

October, 1901.

## THE PEOPLE v. PAUL T. KRIVITZKY.

(168 N. Y. Rep. 182.)

1. COUNTERFEITING TRADE MARKS—PENAL CODE, SECTIONS 364, 366.

Where a label had been in long and continuous use by Martell & Co., the makers of a brandy, as a peculiar mark or device to indicate to the public the origin of the manufacture, the fact that the label bore the firm name of "J. & F. Martell" cannot affect the application of the statute in protecting the trade of Martell & Co. from counterfeiting.

2. SAME.

Nor can the contention avail that the counterfeiting was at the instance of Martell & Co., and paid for with their money, where the evidence was that defendant was employed to print false labels in imitation of M. & Co.'s, by a person apparently designing to commit a fraud.

3. SAME—EVIDENCE.

The testimony of a witness was as to facts observed by him in Cognac, France, with respect to bottling the brandy; the use of a uniform label upon the bottles; its identity with the label upon the same goods in New York, and the difference from the label printed by

defendant. Held, competent for witness to testify to any fact within his knowledge or observation which was relevant to establish that the label produced by the prosecution as the one counterfeited by defendant was the genuine one adopted by M. & Co. and usually affixed to their goods.

Appeal from a judgment of the Appellate Division of the Supreme Court in the First Judicial Department, entered June 3, 1901, which affirmed a judgment of the Court of Special Sessions of the City of New York convicting the defendant of a misdemeanor.

The facts, so far as material, are stated in the opinion.

Eugene A. Philbin, District Attorney (Charles E. Le Barbier of counsel), for respondent.

GRAY, J.: Upon the complaint of one Miller, the appellant, Krivitzky, was apprehended, examined and held for trial upon the charge of counterfeiting the label and trade mark of Martell & Company, manufacturers of, and dealers in, brandy. He was convicted at the Special Sessions of a misdemeanor for the violation of section 364 of the Penal Code and the judgment of conviction has been affirmed by the Appellate Division. Upon the questions whether the label counterfeited was the one adopted and in use by Martell & Co. upon the bottles containing their brandy, which were sent to this country and sold here, and whether the appellant agreed to, and did, print counterfeits of the label, the judgment must be regarded as conclusive; inasmuch as the evidence was such as to afford support to the conclusions reached in those respects. There is no occasion to further review the facts here, with respect to those questions. It appears that Miller was employed as a special agent, or investigator, by a representative here of Martell & Company; whose place of business is in

Cognac, France. He was introduced, under an assumed name, to the appellant as a person desiring to have labels printed in imitation of Martell & Company's labels and a bargain was made between them, whereby, at a certain price per thousand, to be paid in a certain manner, five thousand of the imitation labels were to be printed. This was carried out and the counterfeited labels were delivered to Miller. He, as well as the witness Pincoffs, the representative of Martell & Company, who had employed Miller in his investigations, testified to many facts, which tended to prove their knowledge of the genuine label, as adopted by Martell & Co. in their business and as usually affixed to the bottles containing their brandy in France and sent to this country. Their evidence showed that, within section 366 of the Penal Code, the label which was counterfeited was "a mark to indicate the maker, owner, or seller of an article of merchandise" and which was "usually affixed to an article of merchandise to denote that the same was . . . manufactured, produced, etc., by him." By section 364 of the Penal Code, a person who, knowingly, falsely makes, or counterfeits, a trade mark is guilty of a misdemeanor and the evidence being such as to establish the appellant's violation of this provision, his conviction must be upheld, unless some error is presented which would justify a reversal.

The appellant contends that the label in question is not a trade mark within the definition of the statute; but the evidence, clearly enough, establishes that it had been in long and continuous use by Martell & Co., the makers of the brandy, as a peculiar mark, or device, to indicate to the public the origin of the manufacture, or product. Though the label bore the firm name of "J. & F. Martell," that fact cannot affect the question. Whether Martell & Company are entitled to print that firm name upon their label, or not, is not for the defendant to contend. He is proved to have intentionally counterfeited a trade mark, or label affixed to their goods and, therefore, to have violated a statute of this State prohibiting

such an act. The statute is general in its application and could be availed of for the protection of Martell & Co.'s trade here.

The appellant, further, contends that, upon the evidence, he was not guilty of counterfeiting; inasmuch as the act was done at the instance of the agent of Martell & Co. and paid for with their money. Neither can this contention avail him. The purpose of the owners, or of their agent in this country, was to ascertain if the appellant was engaged in the unlawful business and that the information was obtained in a transaction had between them is no defense. (See Grimm v. United States, 156 U. S. 604.) If it was necessary for the owners to resort to this species of investigation, in order to suppress the criminal acts, by which they and the public were being defrauded, how can it afford any ground for objection on the appellant's part? The evidence is that he was employed to print false labels in imitation of that belonging to Martell & Co. He was not requested to print them for Martell & Co., but for a person, apparently, designing to commit a fraud.

It is argued that there was error in admitting certain testimony of the witness Pincoffs as to the use, ownership and genuineness of the alleged trade mark, upon the ground that it was based upon information received from other persons and that it came within the prohibition of the rule against hearsay evidence. That the objections raised such a question is quite doubtful; but, if they did, there would be no force in the point. Pincoff's testimony, in each of the instances referred to, was as to the facts observed by him in Cognac, France, with respect to the bottling of the brandy; the use of an uniform label upon the bottles; its identity with the label upon the same goods in the office of the agent in New York and the difference from the label printed by the appellant. The probative force of the testimony was for the court; but it was competent for the witness to testify to any fact within his knowledge or observation, which was relevant to establish that the label produced by the prosecution as the one counterfeited

by the appellant was the genuine one adopted by Martell & Co. and usually affixed by them to their articles of merchandise as a trade mark.

As to the sufficiency of the information, upon which the appellant was placed upon trial, and as to the effect of the allowance of the demurrer to a first complaint upon a further prosecution for the same offense, these are questions which I deem it unnecessary to discuss. They are correctly and well disposed of in the opinion of the Appellate Division.

The order and judgment appealed from should be affirmed. O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur; PARKER, Ch. J., and VANN, J., dissent.

Order and judgment of conviction affirmed.