THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH GROSSMAN, Relator, v. WARDEN OF CITY PRISON OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, June 6, 1939.

*Louis S. Maritzer* and *Harry Mesard*, for the relator.

*Charles P. Sullivan*, District Attorney [*George P. Stier* of counsel], for the defendant.

HOOLEY, J. On January 1, 1935, the relator was indicted by the grand jury of Queens county (No. 14,614) on two counts, the first for burglary in the second degree and the second for grand larceny

in the first degree. During the February, 1935, term the relator demurred to the indictment. The demurrer was sustained by the court and the following decision was entered on the minutes of the clerk of the court, at page 329, under date of March 1, 1935: " Demurrer to the indictment filed. Demurrer to indictment is sustained and indictment ordered dismissed thereby, because the facts alleged therein do not constitute the crime charged."

Subsequently, during March, the defendant was again indicted, but a motion to quash this indictment was granted on November 25, 1935, for the reason that " the same was found after a demurrer had been allowed as to indictment number 14,614 (supra) and before an order was signed allowing said demurrer and directing resubmission of same to Grand Jury."

On the same day (November 25, 1935) a formal order was entered by the district attorney in connection with indictment 14,614, sustaining the demurrer, dismissing the indictment and directing resubmission of same to the grand jury. Thereafter, and on or about December 20, 1935, the grand jury again indicted the defendant, under number 15,326. The facts in each of the indictments are identical. The defendant is now in jail awaiting trial under the last-mentioned indictment.

Section 326 of the Code of Criminal Procedure provides as follows: " The court must give judgment upon the demurrer either allowing or disallowing it; and an order to that effect must be entered upon the minutes."

It is clear from the foregoing that no formal order is necessary in order to sustain a demurrer. It is sufficient if the order be entered upon the minutes of the clerk. (People v. Canepi, 181 N. Y. 398.) In this case, therefore, the order sustaining the demurrer was sufficient, for the same was entered upon the clerk's minutes. The difficulty with the position of the district attorney in this case, however, is that at the time of such order sustaining the demurrer, no order was made directing a resubmission of the case to the grand jury. This was necessary under section 327 of the Code of Criminal Procedure. (People v. Krivitzky, 60 App. Div. 307; affd., 168 N. Y. 182.) It is not possible for the district attorney to remedy the situation by a formal order sustaining the demurrer, and granting leave to resubmit, which order was made and entered approximately eight months later.

Writ sustained. Prisoner discharged.