## (July 1, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUSTACE ROPER, NUNZIO PROVENZANO and SALVATORE BRIGUGLIO, Appellants.

APPEAL from a judgment of the Supreme Court, New York County, rendered March 5, 1963, upon a verdict convicting defendants of the crime of attempt to commit grand larceny by false pretenses.

Judgment of conviction affirmed.

STEVENS, J. (dissenting). I dissent and vote to reverse and order a new trial. In my opinion, the question of entrapment should have been charged by the court and submitted to the jury as any other issue of fact.

The initial contact in this case was made by the witness Braun, who spoke to a neighbor and was introduced by telephone by such neighbor to defendant Roper. Braun apparently sought a method, not only of terminating the picketing of his establishment but of avoiding an election and being rid of certain employees. When the desired solution was not afforded immediately the matter rested. It was revived when Braun again made an approach as a result of Braun's visit to the office of and with some indication that it was at the instigation of the District Attorney. Braun with some degree of effort revived contact with Roper. He had to recall himself to such defendant upon his first completed telephonic conversation. What happened in the first and subsequent telephone conversations which were initiated by Braun appears from the transcript of the recordings in evidence. What happened upon the first arranged meeting is not so clear for, among other circumstances, Braun kept cutting the minifon off and on again. Whether such actions were due to inexperience or because of a desire for selectivity one can only hazard a guess. The fact is in this important first meeting, set up at Braun's instance, we are lacking in complete recorded details, and the accounts of what transpired then, and subsequently, differ. Also, it appears that there was considerable drinking at the various meetings.

The People urge entrapment is not a defense in New York and their position is not without support in the cases cited by them. Analysis of some of such cases indicates either that the defendant was the moving force in the wrongdoing, or that the defendant was already predisposed to commit the crime, or that he was engaged in the doing of criminal acts and was afforded an additional opportunity, or the accomplishment of the deed was made easier. For example, in *People* v. *Krivitzky* (168 N. Y. 182 [1901]), the defendant was engaged in counterfeiting the label and trade-mark of Martell & Co. and Miller, the complainant and special agent of Martell, requested labels, the printing of which led to defendant's apprehension. To the cry of entrapment, the court rightly rejected such defense, observing the "purpose of the owners, or of their agent * * * was to ascertain if appellant was engaged in the unlawful business and that the information was obtained in transaction had between them is no defense" (p. 186). And in *People* v. *Gardner* (144 N. Y. 119 [1894]), the defendant, convicted of extortion, had sought out and approached the complaining witness with the proposition that she pay him money, specifically $150. In *People* v. *Mills* (178 N. Y. 274 [1904]), the court pointed out defendant "proposed the scheme and put in motion the forces by which the indictments were actually removed from the files of the court and delivered to him" (p. 288). There, as the court observed, even if defendant had not instigated the crime but took the indictments, property of the State, knowing what they were, with intent to steal, he would still have been guilty of the offense charged. The dictum

"The courts do not look to see who held out the bait, but to see who took it" (p. 289), must be read against the background which spawned it. So in *People v. Conrad* (102 App. Div. 566 [1905], affd. 182 N. Y. 529) the defendant, convicted of the crime of an attempt to commit the crime of abortion, "was not a passive instrument in the hands of the entrapping parties. He did the act * * * voluntarily, with full knowledge of the subject and of the consequences which would flow therefrom" (pp. 567–568). In *People v. Moore* (142 App. Div. 402 [1911], affd. 201 N. Y. 570) the trap for the defendant merely caught the procurer who had done everything to complete the crime. Facilitation of accomplishment to one intent on committing a crime is not entrapment (*Sherman v. United States*, 356 U. S. 369). In the cases cited it may fairly be said as a matter of law there was no entrapment and so the issue need not have been submitted to the jury or, if submitted, rejection by the jury would have been fully warranted.

I do not say there was entrapment in the case before us. That should be for the jury to determine. I go no further than to say the issue was raised as a defense, and the contrary evidence not being so overwhelming as to warrant the court concluding as a matter of law that no entrapment existed, the issue, as one of fact, should have been submitted to the jury. Like all other defenses when properly raised, a defendant is entitled to have the merits of such defense fairly considered and passed upon by the jury.

"In charging the jury, the court must state to them, all matters of law which it thinks necessary for their information in giving their verdict and must, if requested, in addition to what it may deem it its duty to say, inform the jury that they are the exclusive judges of *all* questions of fact" (Code Crim. Pro., § 420, emphasis supplied). In light of the conflicting versions of the occurrences, and particularly in view of the fact that these defendants had no prior criminal record indicative of a continuing course of conduct, the question of entrapment was a question of fact. Questions of fact are for the jury (*People v. Walker*, 198 N. Y. 329). It might be noted that the proposed New York Penal Law (§ 75.05) recognizes entrapment as a defense.

A plea of not guilty puts in issue every material fact essential to the commission of the crime and the defense of entrapment can be raised under such a plea (Cf. *Sorrells v. United States*, 287 U. S. 435). The factual issue would be whether otherwise unwilling persons were induced to commit a crime, or whether these defendants were already so predisposed and were merely afforded an opportunity to do so. "Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law-enforcement officials" (*Sherman v. United States*, 356 U. S. 369, 372, *supra*; *Sorrells v. United States*, 287 U. S. 435, *supra*) and unless it can be decided as a matter of law, the issue should always be one for the jury. No legal agency should attempt to create a crime in order to punish it, and if the issue be properly raised, like all issues of fact it should go to the jury for resolution.

Botein, P. J., Rabin, McNally and Eager, JJ., concur in decision; Stevens, J., dissents in opinion.

Judgment of conviction affirmed.