Per Curiam.

Defendant, a licensed physician, was convicted of 23 out of 29 counts of an indictment charging violations of sections 3305 and 3373 of the Public Health Law for unlawfully prescribing narcotic, stimulant and depressant drugs. On appeal, he contends that the verdict was inconsistent and repugnant, that the offenses charged were not crimes, that the statutes involved were constitutionally vague and that the charge to the jury was inadequate. We find no merit to any of these points.
Each count of an indictment is to be considered a separate crime and consistency is not required (Dunn v. United States, 284 U. S. 390; People v. O’Bryan, 36 A D 2d 548; People v. Delorio, 33 A D 2d 350; People ex rel. Troiani v. Fay, 13 A D 2d 999, cert. den. 368 U. S. 1003). A repugnant verdict is one where there has been a finding of guilt on one but not on the other of two crimes charged in an indictment, each of which has identical elements (People v. Pierce, 40 A D 2d 581; People v. Pugh, 36 A D 2d 845, affd. 29 N Y 2d 909, cert. den. 406 U. S. 921; People v. Bullis, 30 A D 2d 470). Although a repugnant verdict, as opposed to one which is merely inconsistent, cannot stand, repugnancy is not herein involved since the various counts do not have identical elements. Involved are different drugs, different dates and different individuals to whom the drugs were prescribed. The question of good faith in prescribing the drugs must be applied to each and every prescription, inasmuch as a physician, in good faith and in the course of his professional practice, may prescribe such drugs (Public Health Law, §§ 3330, 3385). Defendant, therefore, cannot avail himself of the theory of repugnancy to disturb the jury’s verdict. In any event, a review of the record indicates a rational basis for the conclusion reached by the jury.
The claim that the offenses charged were not crimes is predicated upon the facts that sections 3354 and 3393 of the Public Health Law as they existed at the time the offenses were committed, provided that punishment for violations of sections 3305 and 3373 were as provided for in the Penal Law, but the Penal Law failed to state any such punishment. Although punishment for violations of the Public Health Law was provided for in the Penal Law prior to its revision, the relevant sections were not reenacted. However, we do not believe that the failure to re-enact the relevant sections was an indication of the intent *684 on the part of the Legislature to eliminate violations of sections 3305 and 3373 as crimes in view of subdivision 2 of section 12-b of the Public Health Law which states that a person who willfully violates any provision of the chapter, the punishment for which is not prescribed in the chapter or any other law, is punishable by imprisonment not exceeding one year, a fine not exceeding $2,000, or both (thus making such violations unclassified misdemeanors pursuant to Penal Law, § 55.10, subd. 2, par. [e]). Since there is an absence of any punishment provisions in the Penal Law, the punishment was ‘ ‘ not otherwise prescribed ’ ’ and subdivision 2 of section 12-b of the Public Health Law therefore applies. Moreover, the intent of the Legislature not to eliminate the criminal status of Public Health Law violations is manifested in the legislative memorandum to amendments to sections 3354 and 3393 (2 McKinney’s 1971 Session Laws, p. 2409). The amendments made violations of articles 33 and 33-A of the Public Health Law punishable under section 12-b, and the statement in support of the bill indicated that although violations of articles 33 and 33-A were not in all instances violations of the Penal Law, they were nevertheless punishable as misdemeanors pursuant to section 12-b. It is therefore evident that the Legislature deemed section 12-b controlling and the application of that section for punishment of the offenses is not violative of any of defendant’s rights, nor is it an improper interpretation of the statutes involved.
We do not find the statutes to be constitutionally vague as urged by defendant. A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. The warning must be unequivocal and this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding (Matter of Patricia A., 31 N Y 2d 83). There is no difficulty in a reasonable man determining whether his actions, as a physician, are done in good faith and in the course of his professional practice. The prohibited conduct is therefore clear and the statutes not vague.
In our opinion, the court gave an adequate definition of ‘ ‘ good faith ’ ’ and there could not have been any question in the minds of the jury as to the conduct sought to be prohibited.
The judgment of conviction should be affirmed.
Concur — Hogan, P. J., McCullough and Farley, JJ.
Judgment of conviction affirmed.