Leon B. Polsky, J.
This case is one of several presently before this court involving criminal charges laid under sections 3331 and 3335 of the Public Health Law against a physician who is alleged to have unlawfully prescribed or dispensed a controlled substance "not in good faith and not in the course of his professional practice.” In this case, counsel in his demand for a bill of particulars asks "what is meant by the words in the indictment 'wilfully prescribed a controlled substance * * * not in good faith and not in the course of his professional practice’.” In other cases, counsel have challenged the constitutionality of the standard of "good faith” and expressed confusion as to the meaning of the clause "in the course of his professional practice.”
Sections 3331 and 3335 permit a physician to prescribe and dispense controlled substances under certain conditions if done "in good faith, and in the course of his professional practice only.” The quoted statutory language is taken verbatim from comparable sections in former articles 33 and 33-A of the Public Health Law (L 1933, ch 684; L 1953, ch 879) which adopted the identical language appearing in sections 7 and 8 of the Uniform Narcotic Drug Act (1932), (9B U. L. A.). Comparable language also appeared in the 1918 amendments to the Public Health Law in former subdivision 5 of section 427 which provided: "A physician may in the course of the legitimate practice in good faith of his profession and for the purpose of relieving or preventing pain or suffering on the part of a patient * * * prescribe or dispense cocaine or opium.” (L 1918, ch 639.) These provisions, in turn, have their *476 antecedents in section 8 of the Harrison Anti-Narcotic Act of 1914 (38 US Stat 785).
There is no question but that the present statutory expression is intended to convey the same meaning and standard of conduct as that required under the earlier identical formulations.
In Jin Fuey Moy v United States (254 US 189, 194), the Supreme Court directly dealt with the phrase "in the course of his professional practice only” and held: "Manifestly the phrases 'to a patient’ and 'in the course of his professional practice only’ are intended to confine the immunity of a registered physician, in dispensing the narcotic drugs mentioned in the act, strictly within the bounds of a physician’s professional practice, and not to extend it to a sale to a dealer or a distribution intended to cater to the appetite or satisfy the craving of one addicted to the use of the drug. A 'prescription’ issued for either of the latter purposes protects neither the physician who issues it nor the dealer [i.e., pharmacist] who knowingly accepts and fills it.”
It is clear that a doctor who issues a prescription or dispenses controlled substances for nonmedical purposes is not acting "in the course of his professional practice only”. The fact that the transaction may take place in the doctor’s office, that prescription forms are used, and that the transaction otherwise has the outward appearance of medical practice does not make it one occurring in the course of a professional practice.
As to the use of the term "good faith”, that clearly requires the physician to have acted for a bona fide medical purpose in supplying or prescribing the drugs. The term is neither too vague as a standard by which physicians must set nor by which a jury may judge their conduct. (People v Kass, 74 Misc 2d 682, affd 32 NY2d 856; Barbot v United States, 273 F 919; People v Guagliata, 362 Ill. 427; People v Nunn, 46 Cal 2d 460, cert den 352 US 883, rehearing den 352 US 945; United States v Rosenberg, 515 F2d 190, cert pending, Docket No. 74-1367.)
The indictment, charging the offenses in statutory language, together with the discovery previously granted is sufficient to apprise the defendant of the charges he must defend against and protect him from a subsequent prosecution for the same conduct. Accordingly, the further elaboration sought by the defendant in the demand for a bill of particulars is denied.