Leon B. Polsky, J.
The defendant, a physician, has been indicted by a Grand Jury of the Special Narcotics Courts of the Supreme Court of the State of New York, for the City of New York and charged with misdemeanor violations of the Public Health Law in connection with the alleged unlawful prescription of the controlled substance diazepam, a drug more commonly known under the trade name Valium. (See Public Health Law, §§ 12-b, 3331, 3335.) All of the events *913 which are the subject of this indictment occurred in Kings County.
Although there are perhaps some half-dozen similar cases pending before this court, counsel in this case is the only one to have challenged the authority of the so-called Special Narcotics Grand Jury to return an indictment charging a crime occurring outside of New York County and involving a nonnarcotic controlled substance.
The Grand Jury which indicted the defendant was impaneled in New York County pursuant to subdivision (iii) of section 177-d of article 5-B of the Judiciary Law which provides that such Grand Jury, "may exercise all of the powers of a grand jury in the county in which it is impaneled and may in addition exercise its powers with respect to the alleged commission of an offense in any county wholly contained in a city having a population of one million or more involving the sale or possession of a narcotic drug and any other offense that could properly be joined therewith in an indictment.” The defendant claims that the Special Narcotics Grand Jury lacked the power to indict in this case because the alleged offense did not take place in the, county wherein the Grand Jury was impaneled.
As a general rule, a Grand Jury has the power to indict only for offenses occurring, at least in part, within the county in which the Grand Jury sits. (People v Kohut, 17 NY2d 705; CPL 20.40, 190.55; Code Crim Pro, §§ 223, 245, 284, 133-138 [repealed].) The Legislature may, and, in the case of "the sale or possession of a narcotic drug”, has, expanded the geographic authority of a particular Grand Jury to act. The question here is whether the Grand Jury has exceeded the grant of authority — first, by indicting for "prescribing” as opposed to "possessing or selling”, and second, by charging unlawful conduct in relation to a drug which neither pharmacologically nor statutorily is classified as a narcotic drug. It is clear that the Grand Jury has exceeded its authority and the motion to dismiss the indictment must be granted.
As reflected in the declaration of legislative findings and intent (Judiciary Law, § 177-a), article 5-B was enacted because of the "ineffectiveness of official efforts to contain the narcotics traffic * * * due in significant part to the inability of the criminal justice system to cope with the enormous volume of narcotics cases” and that the crisis transcends traditional jurisdictional boundaries within the City of New York.
*914 Certainly this prosecution of a physician for violation of the Public Health Law does not fit within the Legislature’s declared perception of the need for specialized handling of these cases. Nor does it fit within the spirit of the Governor’s memorandum approving chapter . 462 of the Laws of 1971. (NY State Legis Annual [1971], p 565.) In his memorandum, the Governor, who had recommended the establishment of the special parts, described the legislation as intending to facilitate "the prosecution of felony narcotic cases on a city-wide basis.”
Turning to the specific language in subdivision (iii) of section 177-d, it is clear that the defendant’s actions did not involve offenses relating to "the sale or possession of a narcotic drug” such as would give a Grand Jury impaneled in New York County authority to act over conduct occurring in one of the other counties of New York City.
Although the term "narcotic drug” might sometimes inaccurately be used by uninformed persons to refer to any mind-altering or sensation-giving drug, the Legislatures have throughout the years been most careful in detailing exactly what is meant by "narcotic.” Thus in both article 220 of the Penal Law and articles 33 and 33A of the Public Health Law, as they existed in 1971, precise distinctions were drawn among the various categories of dangerous drugs (now controlled substances). When the Legislature meant to use the term "narcotic drug,” or "depressant or stimulant drug” or "hallucinogenic drug” it said so in no uncertain terms. Indeed in the very session of the Legislature at which section 177 was enacted, a legislative commission was calling attention to the problem of classification of drugs as "narcotic drugs” and recommending reclassification of marihuana out of the narcotic category. (See Interim Report of the Temporary State Commission to Evaluate the Drug Laws, Legis Doc No. 8 [1971], p 52.) Diazepam is not a narcotic. Both pharmacologically and statutorily, it is classified as a depressant. (See Hoffman-LaRoche v Kleindienst, 478 F2d 1; Public Health Law, § 3306, Schedule IV [b] [9].)
The jurisdictional problems with respect to the prosecution for unlawfully prescribing — as opposed to the "sale or possession” set forth in section 177-d present an equally difficult barrier to the indictment. One might ordinarily give these words a broad meaning and sustain an indictment charging similar kinds of conduct not falling within the precise definí *915 tions of sell and possess. However, again there is a history of penal and public health law precision in the use of these terms and the Court of Appeals has previously rejected arguments that would have broadened sell to include prescribe. (See Tonis v Board of Regents, 295 NY 286.) Additionally, the expansion of sale and possess to include prescribe would in effect expand the jurisdiction of the Special Narcotics Grand Jury beyond the basic penal law offenses contained in article 220 so as to encompass large parts of the public health and education laws. I think a firmer direction from the Legislature is required before this can happen.
I recognize that there is a real need for firm, forceful, and prompt action in the case of professionals who betray their trust and let loose large quantities of dangerous drugs upon the public. The problem is increased by the apparent failure of the regulating agencies to discipline the professionals they are supervising. If the Legislature believes this problem to be sufficiently serious to warrant departure from the traditional independent and exclusive county-based jurisdictional requirement, then it must say so in clear and unequivocal terms.
The motion to dismiss the indictment is granted.