Leon B. Polsky, J.
Claiming lack of jurisdiction, the defendant moves to dismiss a 17-count indictment charging violations of the Public Health Law arising out of the alleged unlawful prescribing of nonnarcotic controlled substances in violation of sections 3331, 3332, and 3335 of such law. Punishment for violation of these sections is provided in section 12-b of the Public Health Law (see Public Health Law, § 3396, subd 2) and, since the maximum punishment is one-year imprisonment, each of the offenses is an unclassified misdemeanor. (See *918 Penal Law, § 55.10, subd 2.) Since the indictment charges the defendant with the commission "of one or more offenses, at least one of which is a crime,” (CPL 1.20, subd 3), the People’s proceeding by way of indictment is proper.
The defendant contends that this court lacks jurisdiction because the Special Narcotics Grand Jury which found the indictment lacked subject matter jurisdiction and, further, that the Special Narcotics Parts lack jurisdiction to try the case.
With respect to the claim that the Special Narcotics Grand Jury lacked jurisdiction over the subject matter of the indictment, defendant claims that such Grand Jury has the power to indict only for the "sale or possession” of a controlled substance and, also, that "narcotics” are the only controlled substance which can properly be the subject of such an indictment. In People v Shukla (82 Misc 2d 912), this court held that the Special Narcotics Grand Jury located in New York County lacked statutory authority to charge an offense other than the "sale or possession of a narcotic substance” (or offense properly joined therewith) when it appeared from the face of the indictment that the offense occurred outside of New York County. This determination was based on the language of the statute creating the city-wide Grand Jury and providing that such Grand Jury, "may exercise all of the powers of a grand jury in the county in which it is empaneled and may in addition exercise its powers with respect to the alleged commission of an offense in any county wholly contained in a city having a population of one million or more involving the sale or possession of a narcotic drug and any other offense that could be properly joined therewith in an indictment.” (Judiciary Law, § 177-d, subd [iii]; L 1971, ch 462, as amd by L 1971, ch 633.)
The Shukla case dealt with the exercise by the Grand Jury of the additional powers granted the Special Grand Jury to deal with certain specified offenses occurring outside traditional county-based jurisdictional limitations. Since the extension of jurisdiction was limited to sale or possession of narcotics, it was held that the offense of unlawfully prescribing a nonnarcotic was not within the Special Narcotics Grand Jury’s jurisdiction.
This restriction relates only to the extended jurisdiction of the Grand Jury and has no applicability whatsoever to an indictment charging an offense occurring in New York *919 County. As to such offenses the Grand Jury, "may exercise all of the powers of a grand jury in the county in which it is empaneled”. (Judiciary Law, § 177-d, subd [iii].) The defendant has been charged with an indictable offense by an indictment found by a Grand Jury empaneled in the county where the offense occurred. He is entitled to no more. That the Grand Jury may have additional jurisdiction over certain specified offenses occurring elsewhere affects no rights of this defendant.
The further argument that the Special Narcotics Parts of the Supreme Court lack jurisdiction over the indictment must likewise fail.* The Special Narcotics Parts of the Supreme Court are simply parts of the Supreme Court which are given certain special powers not held by other parts. (Judiciary Law, § 177-b.) These parts are given the jurisdiction to hear narcotic sale or possession cases emanating from other counties within the City of New York, and, if the indictment had been originally filed in a county other than that in which the court sits, the court is deemed to be a court of the originating county.
The fact that the statute enables a particular part of the Supreme Court to hear certain cases which other parts of the court might not be able to hear does not diminish the general jurisdiction of the part given the expanded authority. In short, this case may be assigned to any part of the Supreme Court sitting in New York County regardless of the sometimes mystifying ways of court administrators in numbering, lettering or labeling courtrooms.

 It is noted in passing, that the Part of the Supreme Court to which this case was assigned for calendar and conference (GTC 49) and the Part to which this motion has been referred (GTC 101) are not Special Narcotics Parts (see 22 NYCRR 32.1). However since the case may be referred to one of the "special” Parts for trial, it is not inappropriate that I deal with the issue presented by the motion.