Edward S. Lentol, J.
Defendant has moved this court for an order:
(1) dismissing this indictment on the ground that the People failed to procure authorization for resubmission to the Grand Jury pursuant to CPL 210.20 (subd 4);
(2) granting inspection of the Grand Jury minutes or in the alternative having the court read said minutes and dismissing the indictment pursuant to CPL 210.30;
(3) dismissing the indictment on the ground that sections 3331 and 3335 of the Public Health Law are unconstitutionally vague;
(4) dismissing the indictment in furtherance of justice pursuant to CPL 210.40 and
(5) pursuant to CPL article 710 suppressing evidence unlawfully obtained by means of eavesdropping.
Defendant was indicted by the Grand Jury of the Special Narcotics Court of the City of New York (sitting in New York County) for violating sections 3331 and 3335 of the Public Health Law in that he prescribed a controlled substance (Doriden) in Kings County not in good faith and not in the course of his professional practice^.
This indictment was subsequently dismissed on June 27, 1975 by the Special Narcotics Court (Polsky, J.) for lack of subject matter jurisdiction. A similar indictment involving the drug Valium was dismissed by the same court for lack of jurisdiction based on two grounds: (1) the drug involved was *66 not a narcotic and (2) prescribing the drug did not constitute "possession or sale” (People v Shukla, 82 Misc 2d 912 — the court in that case did not in its decision grant leave to resubmit).
Thereafter, the matter was submitted to the Grand Jury of Kings County which returned an indictment on April 8, 1976 containing the same charges as were contained in the first indictment.
It is not alleged or claimed that the District Attorney of Kings County obtained any authorization from the Narcotics Court or any other court for leave to submit or resubmit the charges to the Kings County Grand Jury.
The defendant now moves for an order dismissing the indictment pursuant to CPL 210.20. Subdivision 4 of that section provides: "Upon dismissing an indictment or a count thereof upon any of the grounds specified in paragraphs (a), (b), (c) and (i) of subdivision one * * * the court may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury * * * In the absence of authorization to submit or resubmit, the order of dismissal constitutes a bar to any further prosecution of such charge or charges, by indictment or otherwise, in any criminal court within the county.”
CPL 210.20 (subd 1 par [a]) provides for dismissal of an indictment if such indictment is defective within the meaning of CPL 210.25. CPL 210.25 (subd 2) states that an indictment is defective when the allegations demonstrate the court does not have jurisdiction of the offense charged.
The Special Narcotics Court was created pursuant to article 5-B of the Judiciary Law which embodies "an emergency narcotics program” initiated by the Legislature in 1971. The heart of the program involves the establishment of special, centralized narcotics parts to hear and determine narcotics indictments assigned thereto from any part of the Supreme Court in any county within cities having a population of one million or more (see Judiciary Law, § 177-a; § 177-b, subd 1; § 177-c).
Since the dismissal of the indictment herein, the Court of Appeals in a case decided June 8, 1976 (People v Taylor, 39 NY2d 649) held that the effect of this legislation is to combine the five counties of New York City into a single unit for purposes of prosecuting narcotic indictments. Thus, the Centralized Special Narcotics Part in New York County has city *67 wide jurisdiction over cases involving the sale or possession of narcotic drugs in Kings County.
The fatal defect here is that the Narcotics Court, at the time that it dismissed the indictment, failed to simultaneously grant to the People leave to resubmit the charges to the same or another Grand Jury. When the Narcotics Court granted such dismissal without including leave to resubmit the charges, that was the end of the case.
In People v Zerillo (146 App Div 812, 817) the court stated: "It seems clear, therefore, that what the Code of Criminal Procedure contemplates is that, unless the judge allowing the demurrer, at the same time directs a resubmission to another grand jury, the defendant is freed, and no further action of another judge can reinstate his liability to punishment for the same offense.” (Emphasis added.)
The court further held that (p 816): "The discretion which is to be exercised in directing a resubmission is the contemporaneous act of the judge who, having heard the arguments of the parties, has decided the validity or invalidity of the indictment, and should best know whether the objection which he has deemed well taken could or should be remedied upon a new submission.” (Emphasis added.) (See, also, People v Krivitzky, 60 App Div 307, affd 168 NY 182; People ex rel. Grossman v Warden of City Prison of N. Y., 172 Misc 183; People v Benson, 208 Misc 138, 142.)
As a result, the District Attorney is now barred from making an application to the Special Narcotics Court for authorization to resubmit this case to a Kings County Grand Jury.
CPL 210.45 (subd 8) provides: "When the court dismisses the entire indictment without authorizing resubmission of the charge or charges to a grand jury, it must order that the defendant be discharged from custody if he is in the custody of the sheriff, or if he is at liberty on bail it must exonerate the bail.” (Formerly Code Grim Pro, §§ 327, 328.)
When the Narcotics Court dismissed the entire indictment without authorizing resubmission, there was nothing left before that court. The defendant was entitled to be forthwith discharged and his bail exonerated.
The case of People v Jenkins (39 AD2d 924) is distinguishable. In that case on January 27, 1970 the County Court made an order suppressing the evidence and dismissed the indict *68 ment. On April 1, 1970 upon reargument at the request of the People before another Judge, the January order of suppression and dismissal was vacated and a hearing was directed on the suppression motion. The first order of dismissal did not contain a provision for resubmission. On appeal, the court reinstated the January order and granted permission to the People to apply to the County Court pursuant to CPL 210.20 (subd 4), for leave to submit the charges to another grand jury. The court specifically held after the County Court dismissed the indictment on January 27, 1970, following its granting of the motion to suppress the evidence upon which the indictment was based, the available remedies to the People for possible reinstatement of the indictment were either by appeal or by applying to the same Judge under the then section 327 of the Code of Criminal Procedure (now CPL 210.20) for leave to resubmit the matter to the same or another grand jury.
However, Jenkins is distinguishable from the case at bar. In Jenkins, the indictment was dismissed because of insufficient evidence after the physical evidence had been suppressed and not as a matter of law, whereas the Special Narcotics Court dismissed the first Flickinger indictment as a matter of law, upon the ground of lack of subject matter jurisdiction.
In this case, the Special Narcotics Court had three alternatives with respect to the motion to dismiss the indictment, to wit: (1) deny the motion; (2) grant the motion; or (3) grant the motion and contemporaneously resubmit to the same or another grand jury.
The Narcotics Court in granting the defendant’s motion to dismiss the indictment, without authorizing resubmission, precluded the District Attorney from submitting the charges to a Grand Jury in Kings County. The defendant’s motion to dismiss the indictment is granted (CPL 210.20, subd 4).
Despite the foregoing disposition, the court will discuss on the merits the defendant’s contention with respect to the constitutionality of sections 3331 and 3335 of the Public Health Law.
Defendant asserts that the statutes which this indictment focuses on are unconstitutionally vague in that they fail to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited.
A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct *69 is forbidden by the statute. The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. The warning must be unequivocal and this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding (Rose v Locke, 423 US 48; People v Scott, 26 NY2d 286; People v Kass, 74 Misc 2d 682, 684, affd 32 NY2d 856).
This court concludes that the words "good faith” and "in the course of his professional practice” as used in sections 3331 and 3335 of the Public Health Law have a definite and well-understood meaning, and are clear and unambiguous. The statutes are not unconstitutional (People v Lampidis, 42 AD2d 1055; People v Guagliata, 362 111 427; People v Nunn, 46 Cal 2d 460, cert den 352 US 883; Smith v State, 214 Ind 169; Finesmith v Grossman, 257 So 2d 99 [Fla]; People v Goldberg, 82 Misc 2d 474).
In the Goldberg case (supra, p 476) the court stated:
"It is clear that a doctor who issues a prescription or dispenses controlled substances for nonmedical purposes is not acting 'in the course of his professional practice only.’ The fact that the transaction may take place in the doctor’s office, that prescription forms are used, and that the transaction otherwise has the outward appearance of medical practice does not make it one occurring in the course of a professional practice.
"As to the use of the term 'good faith,’ that clearly requires the physician to have acted for a bona fide medical purpose in supplying or prescribing the drugs. The term is neither too vague as a standard by which physicians must set nor by which a jury may judge their conduct. (People v Kass, 74 Misc 2d 682, affd 32 NY2d 856; Barbot v United States, 273 F 919; People v Guagliata, 362 Ill. 427, People v Nunn, 46 Cal 2d 460, cert den 352 US 883, rehearing den 352 US 945, United States v Rosenberg, 515 F2d 190, cert pending, Docket No. 74-1367.)”
The indictment charging the offenses in statutory language is sufficient to apprise the defendant of the charges he must defend against and protect him from a subsequent prosecution for the same conduct. There is no difficulty in a reasonable man determining whether his actions, as a physician, are done in good faith and in the course of his professional practice. This court finds that sections 3331 and 3335 of the Public Health Law are not unconstitutionally vague.
Finally, and to avoid any possible necessity of reconsidera *70 tion, the court grants defendant’s motion to inspect the Grand Jury minutes to the limited extent that it has examined said minutes in camera. There was sufficient evidence before the Grand Jury to establish reasonable cause to believe that the defendant committed the acts charged (CPL 190.65; Miranda v Isseks, 41 AD2d 176).
Accordingly, the court makes the following disposition with respect to the defendant’s motions: (a) the motion to dismiss the indictment for failure to comply with CPL 210.20 (subd 4) is granted; (b) the motion to dismiss by reason of the unconstitutionality of sections 3331 and 3335 of the Public Health Law is denied and (c) the motion to dismiss the indictment upon the ground that the evidence before the Grand Jury is insufficient is granted to the limited extent that the court has examined said minutes in camera. There was sufficient evidence before the Grand Jury to establish reasonable cause to believe that the defendant committed the acts charged.
For the foregoing reasons, this court will not consider defendant’s other motions for an order of dismissal.