OPINION OF THE COURT
Laura A. Ward, J.
The defendant, indicted for a variety of crimes, none of which is classified as a narcotics offense under the Penal Law, alleging a violation of Criminal Procedure Law § 190.25, moves to dismiss the indictment. CPL 190.25 (3) lists those persons authorized to be present during grand jury proceedings. Among the persons listed is “[t]he district attorney” (CPL 190.25 [3] [a]). The defendant asserts that the assistant district attorney who presented this case to the grand jury is assigned to the Office of the Special Narcotics Prosecutor, whose jurisdiction relates solely to the prosecution of narcotics-related offenses and has no jurisdiction to prosecute only non-narcotics-related offenses. Therefore, the defendant argues, this assistant district attorney is not among those persons authorized to be in the grand jury room during the presentation of a wholly nonnarcotics-related case to the grand jury.
Judiciary Law § 177-a sets forth the legislative intent supporting the creation of the special narcotics part of the Supreme Court in cities having a population of one million or more and which have more than one county wholly contained within the city. The Legislature determined that, as a result of the existing drug crisis, there was a need for a centralized part of the Supreme Court for the prosecution of narcotics-related offenses that would have jurisdiction beyond the traditional county boundaries set forth in CPL 20.40. Judiciary Law § 177-b established those special narcotics parts.
Judiciary Law § 177-c established the “prosecutorial organization” which has the authority to prosecute narcotics-related offenses occurring in any of the counties wholly contained in the applicable cities. The district attorneys of each county were to appoint “an assistant district attorney to the staff of one of the district attorneys to administer the program established pursuant to the plan” (Judiciary Law § 177-c [i]). The assistant district attorneys assigned to the staff of the assistant district attorney in charge of the special narcotics parts were given the authority to “prosecute all offenses cognizable by any special narcotics part” (Judiciary Law § 177-d [ii] [emphasis added]).
Judiciary Law § 177-d (iii) provides that
“upon the application of the assistant district at *200 torney in charge of the special narcotics parts appointed pursuant to the plan authorized by section one hundred seventy-seven-c, one or more grand juries may be drawn and impaneled for a special narcotics part upon the order of the justice assigned to such part, which grand jury may exercise all the powers of a grand jury in the county in which it is impaneled and may in addition exercise its powers with respect to the alleged commission of an offense in any county wholly contained in a city having a population of one million or more involving the sale or possession of a narcotic drug and any other offense that could he properly joined therewith in an indictment.” (Emphasis added.)
Thus, the “special narcotics grand jury” has citywide jurisdiction of narcotics-related offenses and “any other offense that could be properly joined therewith in an indictment,” and the right to “exercise all the powers of a grand jury in the county in which it is impaneled” would necessarily refer to the right to indict only non-narcotics-related offenses in the county in which the “special narcotics grand jury” was empaneled. (People v Manfredi, 82 Misc 2d 917, 918-919 [Sup Ct, NY County 1975] [the court found that a grand jury empaneled in New York county by the Office of the Special Narcotics Prosecutor has the power to indict cases involving the sale or possession of narcotics arising in any one of the five New York City counties and/or any nonnarcotic offense arising in New York county].) Additionally, these grand juries are drawn and impaneled “upon the application of the assistant district attorney in charge of the special narcotics parts” and it is the assistant district attorney in charge of the special narcotics parts, through his/her staff, who is to present to the “special narcotics grand jury” crimes over which the “special narcotics grand jury” had jurisdiction. These crimes included both narcotics-related offenses (citywide jurisdiction) and non-narcotics-related offenses (countywide jurisdiction).
The assistant district attorney who presented this case to the grand jury is a New York county assistant district attorney assigned to the staff of the assistant district attorney in charge of the special narcotics parts. Thus, pursuant to CPL 190.25 (3) (a), the assistant district attorney who presented this case to the grand jury was authorized to present this case in the grand jury.
The defendant’s reliance on People v Di Falco (44 NY2d 482 [1978]) is misplaced. The special state prosecutor in Di Falco *201 did not have the same jurisdictional authority as the special narcotics prosecutor. In Di Falco the Court of Appeals found that the state special prosecutor who indicted the defendant for the misdemeanors of official misconduct and conspiracy to commit official misconduct was not authorized to be present in the grand jury. The basis for the Court’s ruling, as conceded by the state special prosecutor, was that
“he lacked jurisdiction to prosecute the matter covered by the indictment because his grant of authority (Executive Order 55 [9 NYCRR 1.55]) is limited to those cases dealing with corruption relating strictly to the criminal justice process and does not embrace the judicial system in general or the civil justice system in particular” (Di Falco at 485-486).
Here, however, the assistant district attorney in charge of the special narcotics parts has jurisdiction over narcotics cases arising in any of the five boroughs and nonnarcotic offenses in the county in which the special narcotics grand jury was situated.